IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MYCHOICE, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:23-CV-507-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| TAIV, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Rule 4(f)(3) Service of Process on Defendant Taiv in Canada field by Plaintiff MyChoice, LLC. **Dkt. No. 6**. In the Motion, Plaintiff requests service of process through email and Instagram on Defendant Taiv, Inc. itself, by LinkedIn on Taiv's CEO, by email on its Chief Revenue Officer, by email on Taiv's counsel in Canada, and by traditional service on the registered agent of Taiv's U.S. subsidiary. *Id.* at 2. For the following reasons, the Motion is **DENIED** without prejudice.

### I.   LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4 (f) provides that an individual in a foreign country may be served as follows:

> (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

1

> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). To the contrary, Rule 4(f)(3) "stands independently, on equal footing" with other methods of service under Rule 4(f). *Id.* (quoting *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.*

Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention. *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that plaintiffs had attempted service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents). District courts are granted broad discretion in making such a determination. *OnePlus*, 2021 WL 4130643, at *3–4.

Once a district court has exercised its discretion and determined that service under Rule 4(f)(3) is warranted, the court must consider whether the requested means of alternative service comports with due process as to each defendant. *SIMO Holdings*, 2020 WL 6578411, at *2;

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (citing *RPost Holdings, Inc. v. Kagan*, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012)). "Due process, in turn, requires 'reasonable notice and an opportunity to be heard.'" *ZTE Corp.*, 2018 WL 3330022, at *5 (citing *Gramercy Ins. Co. v. Kavanagh*, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011)). "[T]he method of service crafted must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *RPost*, 2012 WL 194388, at *2 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950)).

Here, Defendant is alleged to be a corporation incorporated under the laws of Manitoba, Canada and headquartered in Winnipeg, Manitoba, Canada. Dkt. No. 6 at 2. Canada is a signatory to the Hague Convention. *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=28.

## II.   ANALYSIS

### A.  Applicability of the Hague Convention

The Hague Convention procedure is "mandatory if available at the place of service" and "does not apply where the address of the person to be served with the document is not known." *Whirlpool Properties, Inc.*, 2023 WL 5193446, at *3 (E.D. Tex. Aug. 11, 2023) (quoting *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 U.S. Dist. LEXIS 7566, at *1 (E.D. Tex. Jan. 23, 2012)). Canada is a signatory to the Hague Convention and its procedures are available. Plaintiff has not represented that Defendant's address is unknown. For service on entities residing in Canada, the Court finds that the Hague Convention would apply.

With regards to Plaintiff's request to serve by traditional service the registered agent of TaiV's apparent U.S. Subsidiary, Taiv USA, Inc., the Hague Convention does not apply. *See*

3

*Element Capital Commercial Company Pte. Ltd. v. BOE Technology Group Co., Ltd.*, 2022 WL 4368162, at *2 (E.D. Tex. 2022).

Plaintiff asserts that Rule 4(f)(3) service can be undertaken without attempting Hague Convention service. Dkt. No. 6 at 5–7 (citing *In re OnePlus Technology (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3–4 (Fed. Cir. 2021); *Element Capital Commercial Company Pte. Ltd. v. BOE Technology Group Co., Ltd.*, 2022 WL 4368162, at *2 (E.D. Tex. 2022)).

Plaintiff misapplies the cited authorities. The Federal Circuit cautioned the district court against instituting 4(f)(3) service where conventional means of service "would be merely inconvenient." *In re OnePlus Technology (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3–4 (Fed. Cir. 2021). Even with the recognized broad discretion afforded district courts in authorizing alternative service of process, the Court must still take into consideration the availability of Hague Convention or more conventional means of service. *Id.* at *3 ("We have concerns about the district court's invocation of alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity."); *Element Capital Commercial Company Pte. Ltd. v. BOE Technology Group Co., Ltd.*, 2022 WL 4368162, at *2 (E.D. Tex. 2022).

Rather than permission to order Rule 4(f)(3) alternative service in any case, the cited case law makes clear that a showing of more than mere convenience is necessary. Indeed, the case law does not support ordering alternative service where no significant steps or attempts have already been taken by Plaintiff. The Court evaluates whether Plaintiff has demonstrated Rule 4(f)(3) is nevertheless proper due to "delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention." *Element Capital*, 2022 WL 4368162, at *2.

4

### B. Delay, Expense, and Other Special Circumstances

Hague Convention service is applicable for all requested forms of service except service on the U.S. based subsidiary. However, Plaintiff has asserted several reasons for why Rule 4(f)(3) alternative service should otherwise be permitted. Dkt. No. 6 at 7–10.

First, Plaintiff asserts that alternative service should be granted because Taiv "has made a calculated effort to avoid service of process." Dkt. No. 6 at 7. Particularly, Plaintiff asserts that Taiv is a foreign corporation that is not registered to do business in Texas. *Id.* Plaintiff argues this alleged violation of the Texas Business Code shows that Taiv is avoiding designation of a Texas agent for service of process. *Id.* Further, Plaintiff asserts that Taiv's Canadian counsel's knowledge of patent law and cited publication on the risks of patent litigation for Canadian businesses demonstrates deliberate avoidance of service. Dkt. No. 6 at 3–4, 7–8; *see* Dkt. No. 6-9. These facts alone do not show deliberate avoidance of service of process.

Second, Plaintiff asserts that pursuing service through the Hague Convention will result in a three-to-six-month delay. Dkt. No. 6 at 8–9 (collecting cases). The Court finds that this would weigh in favor of alternative service, but notes that Plaintiff has not attempted Hague Convention service nor any method of conventional service at this time.

Third, Plaintiff asserts that Defendant already has knowledge of the lawsuit and Plaintiff has already sought waiver or acceptance of service. Dkt. No. 6 at 9. What the record shows is that Plaintiff contacted an individual who is a Canadian attorney who has explicitly indicated he does not represent Taiv for U.S. litigation matters and is not authorized to accept service of process. Plaintiff has further shown that a firm that has done work for Taiv in the past is now aware of the lawsuit but it is unclear what that firm's current relationship is with the Defendant. These facts do

not demonstrate that the Defendant is aware of the lawsuit to such an extent that service of process is merely a formality at this juncture.

At a minimum Plaintiff has demonstrated that pursuing service of process through the Hague Convention could result in a delay of several months. The Court finds that delay alone does not demonstrate for this case that alternative service of process is warranted at this time. Plaintiff's request for the alternative methods not related to the U.S. subsidiary are **DENIED** without prejudice, until such time that Plaintiff has made real attempts to effect conventional service. The Court turns to whether service on the U.S. subsidiary, Taiv USA Inc., would comport with due process.

### C. Due Process

Plaintiff asserts that service on the U.S. based subsidiary Taiv USA Inc. will give notice of the suit. Dkt. No. 6 at 14–15. Plaintiff asserts that service on the subsidiary will apprise Taiv of the lawsuit because Taiv's CEO Noah Palansky could be an executive of the subsidiary as well. *Id.* at 15.

The Court is not convinced that Plaintiff's shaky assertions are enough to demonstrate that service on the subsidiary is reasonably calculated to notify Defendant of the lawsuit. Plaintiff did not show that Defendant's domestic subsidiary is an alter ego of Defendant. Nor did Plaintiff show that Defendant has authorized the domestic subsidiary to accept service on Defendant's behalf. Therefore, Plaintiff has not provided sufficient evidence to support a finding that the requirements of due process are satisfied by serving Defendant's apparent domestic subsidiary. *See SIMO Holdings*, No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *3 (E.D. Tex. June 15, 2020) (discussing plaintiff's failure to provide sufficient evidence to show domestic subsidiaries were the alter ego of defendants).

### III. CONCLUSION

For the above reasoning, Plaintiff's Motion for Alternative Service of Process is **DENIED** without prejudice.

**SIGNED this 4th day of January, 2024.**

                                                ROY S. PAYNE
                                                UNITED STATES MAGISTRATE JUDGE