# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHAL DIVISION

| | |
|---|---|
| MYCHOICE, LLC<br><br>    Plaintiff,<br><br>v.<br><br>TAIV, INC.,<br><br>    Defendant. | Civil Action No. 2:23-cv-00507-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT TAIV, INC.'S ANSWER TO COMPLAINT

Defendant Taiv, Inc. ("Defendant" or "Taiv"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff MyChoice LLC ("Plaintiff" or "MyChoice") as follows:

### NATURE OF THE ACTION

1. Taiv admits that the Complaint purports to be a patent infringement action asserting U.S. Patent No. 10,708,658 (hereinafter the '658 patent) entitled "Video Viewing Experience Enhanced Through Custom Curation," a copy of which is attached to the Complaint as Exhibits A. Taiv denies any and all remaining allegations in paragraph 1 of the Complaint.

### THE PARTIES

2. Taiv lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3. Taiv admits it is a corporation organized under the laws of Canada. Taiv denies any and all remaining allegations in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Taiv admits the Complaint purports to be an action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and

285. Taiv further admits that this Court has subject matter jurisdiction over this case as pleaded for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). Taiv denies any and all remaining allegations in paragraph 4 of the Complaint.

5. Taiv admits, for purposes of this action only, that this Court may exercise personal jurisdiction over Taiv.  Taiv admits that its business involves hardware and software that allows bars and restaurants to replace network ads with ads from Taiv's network of advertisers. Taiv admits that it has contracted with individuals in Texas to install and maintain its hardware.  Taiv denies the remaining allegations in paragraph 5 of the Complaint.

6. Taiv admits that its products are made available in the United States, in the State of Texas, and in this District.  Taiv denies the remaining allegations in paragraph 6 of the Complaint.

7. Taiv admits that its products are made available in the United States, in the State of Texas, and in this District. Taiv admits that it has contracted with individuals in Texas to install and maintain its hardware.  Taiv admits that it has maintained ownership of its hardware installed in businesses in Texas.Taiv denies the remaining allegations in paragraph 7 of the Complaint.

8. Taiv admits that it operates a website at the following domain htts://www.taiv.tv that includes the language alleged in paragraph 8. Taiv admits that people in Texas can interact with that website and contact Taiv through it. Taiv denies the remaining allegations in paragraph 8 of the Complaint.

9. Taiv denies that venue is proper in this District.

**Factual background**

10. Taiv lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and on that basis denies them.

11. Taiv lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and on that basis denies them.

12. Taiv lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13. Taiv lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14. Taiv admits that MyChoice has contacted it in the past. Taiv denies any and all remaining allegations in paragraph 14 of the Complaint.

15. Taiv admits that Mr. Theriault has contacted Noah Palansky through LinkedIn.

16. Taiv admits that MyChoice sent a letter to Taiv.

17. Taiv denies the allegations in paragraph 17 of the Complaint.

18. Taiv denies the allegations in paragraph 18 of the Complaint.

19. Taiv denies the allegations in paragraph 19 of the Complaint.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 10,708,658**

20. Taiv admits that MyChoice purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Taiv incorporates its responses thereto as if fully set forth herein.

21. Taiv denies the allegations of paragraph 21 of the Complaint.

22. Taiv denies the allegations of paragraph 22 of the Complaint.

23. Taiv denies the allegations of paragraph 23 of the Complaint.

24. Taiv denies the allegations of paragraph 24 of the Complaint.

25. Taiv denies the allegations of paragraph 25 of the Complaint.

26. Taiv denies the allegations of paragraph 26 of the Complaint.

27. Taiv denies the allegations of paragraph 27 of the Complaint.

28. Taiv denies the allegations of paragraph 28 of the Complaint.

29. Taiv denies the allegations of paragraph 29 of the Complaint.

30. Taiv denies the allegations of paragraph 30 of the Complaint.

31. Taiv denies the allegations of paragraph 31 of the Complaint.

32. Taiv denies the allegations of paragraph 32 of the Complaint.

33. Taiv denies the allegations of paragraph 33 of the Complaint.

## PRAYER FOR RELIEF

34. The Complaint's Prayer for Relief requires no response from Taiv, but to the extent one is required Taiv denies that MyChoice is entitled to the relief it seeks in these paragraphs or any relief at all for the allegations made in its Complaint.

## GENERAL DENIAL

35. Taiv denies all allegations in the Complaint, express or implied, to which Taiv has not specifically admitted to in its Answer.

## AFFIRMATIVE AND OTHER DEFENSES

36. Taiv asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be on MyChoice. In addition to the defenses described below, Taiv specifically reserves all rights to assert additional defenses as additional information becomes available. Furthermore, Taiv repeats and incorporates by reference each of its responses in the foregoing paragraphs as if fully set forth herein.

37. Taiv denies all allegations in the Complaint, express or implied, to which Taiv has not specifically admitted to in its Answer.

### First Defense (Non-Infringement)

38. Taiv has not infringed and does not infringe any valid or enforceable claim of the Patents-in-Suit, whether directly, jointly, indirectly, literally, under the doctrine of equivalents, contributorily, by inducement, or in any way. For example, the claims of the '658 patent require use of "user preferences" to detect "undesirable content" and to determine which "substitute content" to display. But the accused technology does not rely on user preferences in this required manner.

### Second Defense (Invalidity)

39. The asserted claims of the Patents-in-Suit are invalid for failure to meet the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

40. For example, and not by way of limitation, the following prior art references, either alone under Section 102 or in combination under Section 103, render all of the asserted claims of the Patent-in-Suit invalid:

- U.S. Patent No. 5,550,575 (which issued in 1996)
- The segOne 2000 LS system
- The Skip.tv system

41. In addition, the '658 Patent is invalid is invalid under 35 U.S.C. § 102(a)(1) because MyChoice's own commercial embodiment was available to the public more than a year before the critical date of June 22, 2017. *Atlanta Attachment Co. v. Leggett & Platt, Inc.,* 516 F.3d 1361, 1365 (Fed. Cir. 2008) ("Our patent laws deny a patent to an inventor who applies for a patent more than one year after making an attempt to profit from his invention by putting it on sale."). As early as 2013, MyChoice was selling a commercial embodiment of the asserted patent. For example, its 2013 website at "mytvchoice.com" described its product as follows:

> *MyTVChoice avoids the annoying and offensive TV commercials that ruin your viewing experience. A simple to use app and proprietary MyTVChoice Gateway combine to deliver an enjoyable experience for live TV sporting events and the most popular prime time shows. The channel is automatically switched to a broadcast channel of your choice when a commercial break begins and switches back when the break ends. No guessing when commercials are done.*

*See* https://web.archive.org/web/20131021032427/http://mytvchoice.com/about/.

42. There is ample publicly available evidence from before June of 2016 establishing that MyChoice's commercial embodiment of the subsequently patented system was already available to the public. For example:

https://www.youtube.com/watch?v=vzAhku_Q9Yw
https://www.youtube.com/watch?v=wYjEZxzfZ0I
https://www.youtube.com/watch?v=RkEM8hUUFcY
https://www.youtube.com/watch?v=pDd1cIHFGEM
https://www.prweb.com/releases/skip_ads_during_live_tv_sports_reality_show_new_tech_automatically_switches_station_during_commercials/prweb11237667.htm

https://www.boston.com/news/innovation/2013/08/07/skipping-ads-is-fun-but-content-publishers-do-need-to-make-money-you-know/

https://www.bostonglobe.com/business/2013/07/28/mychoice-let-viewers-skip-ads-with-channel-changing-device/z69iYAClkwFQ2ugno1eTIK/story.html

43.     The '658 patent claims are also invalid because they are directed to the abstract idea of replacing unwanted commercials with more desirable content.  At their core, the claims require nothing more than identifying unwanted content, selecting substitute content, and replacing the undesirable content with the substitute content (i.e. channel surfing). This has been done by almost every person who has ever watched television. Moreover, the '658 patent claims do not cover or include an inventive concept.  The '658 patent neither purports to use novel technology nor does it combine conventional technology in novel ways.  Nothing in the claims improves the functioning of any computer component.

### Fourth Defense (Limitations on Damages)

44.     MyChoice's claims for damages and/or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

### Fifth Defense (Inequitable Conduct/Unclean Hands)

45.     MyChoice's claim for infringement is barred because one or more of MyChoice, the named inventor on the '658 patent, their attorneys, representatives, predecessors in interests and/or other persons with a duty of candor to the USPTO has unclean hands on account of violations of the duty of candor to the USPTO, inequitable conduct and/or misrepresentations of material fact to the USPTO.

46.     For example, during prosecution of the patent application that resulted in the '658 MyChoice and the named inventor, Mr. Theriault knew that he and MyChoice had sold a commercial embodiment of the '658 patent but failed to disclose such commercial embodiment to the USPTO.

47.     Upon information and belief, Mr. Theriault would not have secured issuance of the '658 patent had he disclosed the commercial embodiment, and this constitutes an omission which bars enforcement of the Patents-in-Suit.

### Reservation of Additional Defenses

48. Taiv reserves any and all additional defenses under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

### PRAYER FOR RELIEF

WHEREFORE, Taiv prays for the following relief and judgment:

A. That MyChoice take nothing by way of its Complaint and the same be dismissed with prejudice;

B. That the Court enters a judgment declaring that Taiv has not infringed and does not infringe the '658 patent;

C. That the Court enters a judgment declaring that the claims of the '658 patent is invalid;

D. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post judgment interest, and other relief sought by MyChoice be denied; and

E. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Taiv; and that the Court award Taiv all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Taiv demands a trial by jury of all issues so triable in this action.

Dated: April 9, 2024                    Respectfully submitted,

MARTON RIBERA SCHUMANN & CHANG LLP

*/s/ Ryan Marton*

Ryan J. Marton (*Admitted E.D. Tex.*)
ryan@martonribera.com
Hector Ribera (*Admitted E.D. Tex.*)
hector@martonribera.com

Carolyn Chang (*Admitted E.D. Tex.*)
carolyn@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2514

Attorneys for Defendant
Taiv, Inc.

### CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

Dated:  April 9, 2024                    */s/ Ryan J. Marton*
                                                             Ryan J. Marton