§IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TAIV, INC. <br><br> Defendant. | Civil Action No. 2:23-cv-00507-JRG-RSP |

**REPLY IN SUPPORT OF DEFENDANT TAIV INC.'S OPPOSED
MOTION TO TRANSFER VENUE TO THE DISTRICT OF
MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(A)**

**I.     INTRODUCTION**

MyChoice's opposition (Dkt. 17, "Resp.") to TaiV Canada's motion to transfer (Dkt. 14, "Op. Br.") articulates no connection between this dispute and the Eastern District of Texas.  Nor has MyChoice identified any evidence to be found in this forum.  Instead, it focuses solely on the relocation of a single witness to Louisiana after the filing of this case.  But no matter where MyChoice's principal—Mr. Theriault—lives, MyChoice remains a Massachusetts company that operated in Massachusetts.  MyChoice's press releases identify customers of its prior art system in Massachusetts.  And by MyChoice's own admission, all the evidence of that system is either electronic (and accessible anywhere) or is physical evidence and witness testimony available only in Massachusetts.  More importantly, no evidence is in this district.  The balance of the factors favors transfer to Massachusetts and TaiV Canada accordingly requests that the Court grant its motion.

**II.     THE COURT SHOULD GRANT TAIV CANADA'S MOTION**

    **A.     <u>Taiv Applied the Correct Legal Standard</u>**

In its opposition, MyChoice incorrectly implies that TaiV Canada applied the wrong legal standard to the transfer analysis, citing two recent transfer-related opinions from the Fifth Circuit.  *See* Resp. at 4-5, citing *In re Fort Worth Chamber of Com.*, 98 F.4th 265, 275 (5th Cir. 2024) (Oldham, J., concurring) and *In re Clarke*, 94 F.4th 502, 508-509 (5th Cir. 2024).  As this Court is aware, the controlling authority on transfer under 28 U.S.C. § 1404(a) in the Fifth Circuit is *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*").  Unsurprisingly, both *In re Fort Worth Chamber of Com.* and *In re Clarke*, apply *Volkswagen II* to the facts of the respective cases, just as TaiV Canada applied that standard in its opening brief.

1

B.  **MyChoice Could have Brought Suit in Massachusetts**

MyChoice contends that the District of Massachusetts lacks personal jurisdiction over TaiV Canada with respect to this dispute, and thus that this case cannot be transferred there. MyChoice is mistaken. The unrebutted evidence is that TaiV Canada had sufficient minimum contacts with Massachusetts as of the date MyChoice filed its complaint. As shown by the declaration of TaiV Canada's CEO and co-founder, Mr. Palansky, TaiV Canada had a customer in Massachusetts more than six months before this suit was filed. Dkt. 14-2 (Palansky Decl.) ¶ 6; *id.* at Exh. 1 (pp. 6-8). And as explained in TaiV Canada's opening brief, the fact that it marketed to, negotiated with and eventually sold its services to Massachusetts customers grants specific jurisdiction. *See* Op. Br. at 6-7.[1]

Unable to address TaiV Canada's evidence on the merits, MyChoice resorts to making baseless claims that TaiV Canada fabricated evidence to support its transfer motion. This is unequivocally false; TaiV Canada's contract with the Massachusetts bar predates this lawsuit. MyChoice points to no evidence to support its unwarranted accusation other than unfounded conspiracy theories about when TaiV Canada updated its website. This is improper. TaiV Canada is under no obligation to identify its customers on its website.[2] Thus, the fact that a customer may not have been identified on TaiV Canada's website is not evidence of anything. The relevant question is whether TaiV Canada has sufficient contacts with a forum for purposes

---

[1] MyChoice also alleges in its complaint that TaiV's "highly interactive" website provides a basis for jurisdiction in Texas. Dkt. 1 ¶ 8. To the extent that this is a basis for jurisdiction in Texas, it would also be so in Massachusetts.

[2] MyChoice's claim that TaiV formerly listed all customers on its website is also incorrect. TaiV does list select locations on its website. It used to list a few hundred with unsold ad inventory. When launching a new website, this was changed to show 5–10 top locations per market as testimonials. The graphic attached at Dkt. 17-12 appears to have been garbled during printing and originally included a pin in the Boston area.

of personal jurisdiction, and the uncontroverted evidence provided by TaiV Canada establishes that it does.

MyChoice also bizarrely argues that a routine change in the terms and conditions available on TaiV's website (changing from "Taiv" to "either Taiv Inc. or Taiv USA Inc. (Taiv)") is a part of a plot to establish jurisdiction in Delaware.  Resp. at 7; *compare* Dkt. 17-21 at p. 2 *with* Dkt. 17-22 at p. 2.  The change is irrelevant to the motion.  In any case, TaiV Canada has not asked the Court to transfer the case to Delaware; the proper venue is Massachusetts.

Further, MyChoice misapplies the law in contending that personal jurisdiction over TaiV Canada in Massachusetts would be unreasonable under the standard set forth in *Red Wing Shoe*.  MyChoice identified no "'compelling case' that would 'render jurisdiction unreasonable' even though 'minimum contacts' are present." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477) (1985).  The analysis of whether jurisdiction would be "unreasonable" rests on whether litigation in the forum would be so difficult that a party would be at a "severe disadvantage." *Burger King*, 471 U.S. at 477 (quotations omitted).  MyChoice does not address this standard and instead argues that there are more TaiV Canada contacts with Texas than Massachusetts.  Even if true, that fact is irrelevant to the analysis of whether jurisdiction in Massachusetts is reasonable.  The issue is not whether TaiV Canada would be subject to personal jurisdiction in Texas as well, but whether it is proper in Massachusetts.  Where, as here, the " contact with a forum state . . . is directly and substantially related to the plaintiff's claim," of patent infringement, personal jurisdiction is proper. *Red Wing Shoe*, 148 F.3d at 1359.

C. **This Dispute has no Substantial Connection to Texas**

There is no reason to keep this case in Texas.  MyChoice is a Massachusetts company with its principal now living in Louisiana.  TaiV Canada is a Canadian company.  All

information related to the design, development, implementation and operation of the accused devices is outside of Texas. Palansky Decl. ¶4. The only alleged connection to Texas is the existence of customers in Texas, a fact shared with Massachusetts. And MyChoice has not identified a single alleged customer or infringing act in **this** district. *See* Resp.at 10-11 (identifying customers in Austin and Houston). Nothing connects the dispute to MyChoice's chosen forum. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2009) ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis.").

### D. Key Documents and Witnesses Remain within the Subpoena Power of the District of Massachusetts.

TaiV Canada's on sale bar defense is a critical aspect of the case, and it needs access to witnesses and documents in Massachusetts to develop the defense. Outside of Mr. Theriault's move, MyChoice's only counter to the existence of prior art witnesses and documents in Massachusetts is that its prior art product allegedly practiced a different patent. Resp. at 9. But that issue is one to be explored through discovery. Like any patentee, MyChoice contends that its prior art product does not invalidate its patent-in-suit, but TaiV Canada is entitled to discovery to challenge that assertion and the relevant documents and witnesses reside in Massachusetts. MyChoice cannot deny that a prior art system that admittedly practiced a "system to avoid viewing commercials in real time" is highly relevant to the asserted "system to avoid viewing commercials." Dkt. 17-8 ('518 Patent) at Title; Complaint (Dkt. 1) at ¶ 12. MyChoice does not dispute that Massachusetts is the location of the PR firm—Sherry Alpert Corporate Communications, LLC—who advertised it. *See* Dkt. 14-1 at 8–10 (identifying the PR firm and three Massachusetts customers of the product by name). Moreover, customers of MyChoice's prior art system, who would be able to offer unbiased testimony about its operation and may still

have the physical devices that were part of that system, are located in Massachusetts. Dkt. 14-1 at 8–10. And, according to Mr. Theriault, MyChoice's former head of marketing Dale Bearden—identified as President of MyChoice on his LinkedIn page—lives in Portland, Maine, approximately 100 miles from the District of Massachusetts. *See* Theriault Decl. (Dkt. 17-3) ¶ 14; Marton Decl., Ex. 4 (Dkt 14-1 at p. 18). Thus, critical testimony from unbiased third parties is found only in Massachusetts, and TaiV Canada should be able to obtain that evidence and present it at trial. *See In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) ("Because there are potential third-party witnesses subject to the subpoena powers of the Northern District of California but not the Western District of Texas, we conclude that the compulsory process factor weighs strongly in favor of transfer.").

MyChoice argues that there is no evidence that the Massachusetts witnesses are unwilling, but as courts in this district have repeatedly observed, "[w]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *Cellspin Soft, Inc. v. Nike, Inc.*, No. 2:22-CV-0455-JRG-RSP, 2023 WL 6280260, at *3 (E.D. Tex. Sept. 26, 2023) (quoting *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018)).

### E. It Is Not More Convenient for TaiV Canada's Witnesses to Travel to Marshall

While Marshall is closer to Louisiana than Boston, for TaiV Canada's witnesses, the minor difference in travel distance from Canada to Boston versus Marshall does not warrant consideration in the transfer analysis. *Sonus Networks, Inc. v. Metaswitch Networks Ltd.*, No. 2:18-CV-00057-RWS, 2019 WL 11025873, at *7 (E.D. Tex. Mar. 27, 2019) ("when a particular witness would be required to travel a significant distance regardless of the chosen venue, that witness is discounted for purposes of the analysis") (citing *In* re *Genentech,* 566 F.3d 1338,

1345–46 (Fed. Cir. 2009)).  And as a practical matter, air travel to Boston is faster from TaiV Canada's location in Canada to Boston than to East Texas.

### III.  CONCLUSION

Given that the District of Massachusetts is clearly the more convenient venue for this dispute, TaiV Canada respectfully requests its motion be granted and that the Court transfer this case to the District of Massachusetts.

Dated: April 30, 2024                                Respectfully submitted,

                By:   /s/ *Ryan J. Marton*
                      Ryan J. Marton
                      ryan@martonribera.com
                      **MARTON RIBERA SCHUMANN & CHANG LLP**
                      548 Market St. Suite 36117
                      San Francisco, CA 94104
                      Telephone: (415) 360-2515

                      ***COUNSEL FOR DEFENDANT***
                      ***TAIV, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on April 30, 2024.

By: /s/ *Ryan J. Marton*
Ryan J. Marton