IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:23-cv-00507-JRG-RSP |
| TAIV, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH ORDERS
AND PRODUCTION OF DOCUMENTS**

Pursuant to the Court's Discovery Order dated June 21, 2024, and Local Rule 7, Plaintiff MyChoice, LLC. ("Plaintiff") moves to compel Defendant Taiv, Inc. ("Defendant") to comply with this Court's Orders and produce documents.

## SUMMARY

This is a patent infringement case involving a software implemented invention. Defendant is a Canadian company with a wholly owned U.S. subsidiary, Taiv USA, Inc., the latter of which has a single office used as a mailbox drop. *See* Doc. 14-2, ¶¶2,7. Defendant failed to produce relevant documents pursuant to Discovery Order ("DO") ¶3(b) (Doc. 30) and technical documents regarding the operation of the Accused Instrumentalities pursuant to P.R. 3-4. Plaintiff timely objected providing Defendant categories of relevant documents, in the form of 41 document requests. The parties met, conferred, and exchanged email on several occasions. While Defendant initially agreed to identify categories of documents to be produced and withheld as required in the ¶9(a), it failed to do so. Defendant acknowledged that it has responsive, electronic documents but insists that Plaintiff must inspect them at Defendant's office in Canada. Plaintiff urged Defendant to produce its electronic documents in accordance with the Order Regarding E-Discovery ("E-Discovery Order"), ¶5 (Doc. 33). Defendant refused, notwithstanding that it made four prior ESI productions pursuant to the Order. Plaintiff respectfully urges that the Court compel Defendant to:

(i) comply with DO ¶9(a) identifying categories of documents to be produced and withheld with reasons therefor; and

(ii) produce its electronic records to Plaintiff as required in the E-Discovery Order.

Regarding technical documents, Defendant refuses to produce technical documents regarding the operation of the Accused Instrumentalities, other than making its source code available for in-person inspection at defense counsel's office in San Francisco. Plaintiff urged Defendant to produce other technical documents, as it may obviate the need to inspect source code. Defendant refused, insisting that its source code production satisfied its obligation to produce technical documents under any applicable Orders and rules, notwithstanding that such documents are relevant, discoverable, and responsive to Plaintiff's document requests. Plaintiff objected to reviewing source code in San Francisco as unduly burdensome and proposed a secure method for remotely inspecting the code or that Defendant produce it for inspection within this District. Defendant again refused. Plaintiff respectfully urges that the Court compel Defendant to:

(i) produce technical documents, in addition to the source code, sufficient to describe the operation of the Accused Instrumentalities; and

(ii) produce its source code for inspection within this District or otherwise provide remote access thereto.

## BACKGROUND

The Docket Control Order ("DCO") (Doc. 31) requires that Defendant produce relevant documents in compliance with DO, ¶3 by July 10, 2024, and

2

produce technical documents in compliance with P.R. 3-4 by August 7, 2024.  On July 10, 2024, Taiv produced financial statements and some sales data pursuant to the E-Discovery Order.  The parties conferred on July 12, 2024, regarding deficiencies in Taiv's production, as: (i) its production of sales date was incomplete; (ii) it did not produced information for sales attributed to Taiv USA, and (iii) it did not produce other relevant documents.  Defendant asserts that it is not required to produce Taiv USA documents or sales information, as it is not a party to this case, notwithstanding that Taiv USA's office is a mailbox with its operations and documents controlled by Defendant.  Doc. 14-2, ¶¶2-8.

On July 23, 2024, Plaintiff served a subpoena on Taiv USA that included 41 document requests and simultaneously served that subpoena on Defendant, noting that the requests apply equally to Defendant, identifying categories of relevant and technical documents that should be produced in accord with the DO, ¶9.  *See* Ex. A hereto.  Defendant did not respond in writing to those requests.

Counsel for Defendant also represents Taiv USA in responding to Plaintiff's subpoena.  Taiv USA's only response so far is boiler plate objections.  *See* Ex. B hereto, Taiv USA's boilerplate objection.  Other than a spreadsheet with some information and financial data, Taiv USA produced no documents responsive to those requests.

On August 7, 2024, Defendant made a second production pursuant to the E-Discovery Order, which included its invalidity contentions and related prior art.  It did not, however, produce technical documents sufficient to describe the

3

operation of the Accused Instrumentalities, as required under the DCO and P.R. 3-4. Rather, Defendant offered to make its source code available for in-person inspection at its counsel's office in San Francisco.

On September 6, 2024, Plaintiff objected to Defendant's failure to produce relevant documents, technical documents, and the proposed inspection of source review in San Francisco. The parties conferred by video conference on September 10, 2024, during which the parties discussed Defendant's failure to produce relevant and technical documents. Plaintiff also proposed remote access as means for inspecting the source code, as opposed to in-person in San Francisco. Defendant was not prepared to discuss the 41 document requests.

On September 23, 2024, the parties conferred again regarding the source code inspection and Defendant's and Taiv USA's failure to produce documents, including discussing each of the 41 document requests. During that conference, Defendant agreed to indicate for each request categories of documents to be produced and withheld.

On September 27, 2024, Defendant refused to allow any remote inspection of source code and stated that any responsive documents would be made available for inspection in Canada, without indicating what documents were being produced or withheld, as required in the DO, ¶9(a).

The parties have reached an impasse on the issues raised herein, where the Court's assistance is respectfully requested.

# ARGUMENT

## I. Defendant Failed to Comply with DO ¶9(a) and Failed to Produce Relevant Documents Pursuant to the E-Discovery Order.

To date, Defendant's and Taiv USA's only response to the 41 document requests is Taiv USA's improper boilerplate objections and a few spreadsheets with sales and financial data. Defendant initially agreed to comply with DO ¶9(a) identifying categories of documents to be produced, then failed to do so, only stating that responsive documents must be inspected at its office in Canada. Plaintiff urges that Defendant be compelled to comply with DO ¶9(a).

Regarding the production of relevant documents, Defendant acknowledged that their responsive documents are stored electronically. The E-Discovery Order sets forth the protocol for producing electronic records, with which Defendant complied in four prior productions. Defendant's insistence that its additional electronic documents must be inspected in person in Canada is unreasonable and contrary to the E-Discovery Order, which supplements all other discovery rules and orders to promote a speedy, inexpensive determination of this action. *See* Doc. 33, p. 1. Defendant's production of electronic documents in accord with the E-Discovery Order is the most efficient means for marking, processing, and producing electronic records. Plaintiff urges that the Court compel Defendant to comply with the E-Discovery Order by producing electronic documents in accord with the protocol therein.

## II. Defendant Refuses to Produce Technical Documents, Other Than Source Code for In-Person Inspection in San Francisco.

If Defendant produces sufficient technical documents describing the operation of the Accused Instrumentalities as required in P.R. 3-4, it would be far less burdensome than requiring Plaintiff to retain an expert to perform an in-person inspection of source code in an expensive, remote location like San Francisco. Such documents may also be more readily understood by this Court and the jury, as opposed to source code, which necessarily requires an expert to interpret its content and meaning and may raise other complicated issues as to whether the source code only applies to a particular release or certain products. In addition, if Defendant's technical documentation is sufficient, Plaintiff may not be required to retain an expert to inspect in San Francisco large quantities of source code, as a high-level description in technical documents may be sufficient. Defendant offered no legal basis for withhold these records as they are relevant and responsive to Plaintiff's requests. Plaintiff urges that Defendant be compelled to produced technical documents other than source code in compliance with P.R. 3-4 and Federal Rules of Civil Procedure 26 and 34.

## III. Defendant's Insistence that its Source Code May Only Be Inspected In-Person in San Francisco Is Unduly Burdensome.

Defendant relies on this Court's standard Protective Order, ¶10(a) (Doc. 32), as the basis for producing its source code on a stand-alone computer, not linked to any network, in the office of its outside counsel in San Francisco. While Plaintiff did not initially object to this provision in the Court's standard Protective Order, it anticipated that Defendant would retain local counsel, so that any source

code production would be made in this District. Defendant's insistence on an in-person review in San Francisco is unduly burdensome. It requires that Plaintiff retain an expert and pay travel time and expenses each time a source code review is required. Technical issues will undoubtedly arise at various times during this case requiring Plaintiff's expert to review the source code, and each such instance will require significant expert travel time and related expenses. Plaintiff proposed a secured remote inspection or a production of source code at a location in this District. Defendant would not agree to either. Plaintiff urges that the Court order Defendant to accommodate secured remote access to the source code or to produce it for inspection at a location in this District.

### IV. Defendant Controls and Should Produce Any Records or Information Responsive to the Subpoena Served on Taiv USA.

Defendant objects to producing Taiv USA records responsive to the subpoena, notwithstanding that the same counsel represents Taiv USA and the documents should have been produced by that entity. In support of its motion to transfer, Defendant submitted the Declaration of Noah Polansky, its Chief Executive Office and the President of Taiv USA. Doc. 14-2, ¶¶1, 7. Therein, he attests that Defendant assists Taiv USA with day-to-day operations, as the latter's office is merely a mail drop. *Id.* at ¶¶ 2, 7-9. Defendant possesses and controls the records of Taiv USA. Plaintiff urges that Defendant or Taiv USA be compelled to produce any documents responsive to Plaintiff's document requests, which were served on Taiv USA via a subpoena.

Date: October 7, 2024          Respectfully submitted,

*/s / Michael C. Gilleran*
Michael C. Gilleran
(Mass. BBO No. 192210)
*Pro hac vice* allowed
michael.gilleran@fisherbroyles.com
FISHERBROYLES, LLP
75 State Street, Suite 100, PMB 4418
Boston, Massachusetts 02109
Direct: 781.489.5680
Mobile: 339.237.1384
LEAD ATTORNEY

*/s/ Chris P. Perque*
Chris P. Perque
Texas State Bar No. 24005828
FisherBroyles, LLP
2925 Richmond Ave., Suite 1200
Houston, TX 77098
Phone: 832.604.4417
Facsimile: 832.377.5929
Email: chris.perque@fisherbroyles.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the above date all counsel of record who are deemed to have consented to electronic service are being served with a copy of this filing via the Court's CM/ECF filing system.

*/s/ Chris P. Perque*
Chris P. Perque

8

## CERTIFICATE OF CONFERENCE

I hereby certify counsel for Plaintiff and counsel for Defendants have conferred in compliance with Local Rule CV-7(h). The parties conferred via telephone and/or video conference on September 10 and September 23, 2024, with the conferences attended by Plaintiff's counsel, Chris P. Perque and Michael C. Gilleran, and Defendant's counsel, Ryan J. Morton and Phil Haack.  An agreement could not be reached on the issues addressed herein due in significant part to a disagreement on Defendant's obligations under the applicable rules and Orders entered in this case.  Regarding the issues raised herein, the parties have reached an impasse and require assistance of the Court to resolve them. Defendant opposes this motion.

        */s/ Chris P. Perque*
         Chris P. Perque

        */s / Michael C. Gilleran*
         Michael C. Gilleran