**EXHIBIT "A"**

**From:** Chris Perque
**Sent:** Monday, July 29, 2024 9:46 AM
**To:** Phil Haack <phaack@martonribera.com>
**Cc:** Michael Gilleran <Michael.Gilleran@fisherbroyles.com>; Ryan Marton <ryan@martonribera.com>; Hector Ribera <hector@martonribera.com>
**Subject:** MyChoice v. Taiv -- Outstanding Discovery Issues

In response to your July 25, 2024, email, below is a discussion of discovery issues recently raised between the parties:

**Defendant Taiv's Inadequate Production of Documents**
Pursuant to Discovery Order 3(b), Taiv was supposed to produce all relevant documents in its possession without awaiting a discovery request.  In response, Taiv only produced incomplete financials statements and sales data.  During a call with Ryan Marton, counsel for Defendant Taiv, those issues were discussed.  With regard to sales revenue, he explained that some of the sales are completed by Taiv USA and revenue is shared with its parent Defendant Taiv.   In its Complaint, MyChoice alleges that Defendant Taiv directly infringes the Asserted Patent and induces others, including Taiv USA, its wholly owned subsidiary, to infringe that patent.  In a recent email to Ryan, I explained that the document requests recently served on Taiv USA set forth categories of relevant documents that should have been produced by Defendant Taiv, as well.  To avoid any confusion, below is a list of categories of documents that are relevant and should have been produced by Defendant Taiv already.  <u>For each category set forth in the request below, please explain when Defendant Taiv will produce responsive documents, or if Defendant Taiv refuses to produce responsive documents, the basis for its refusal.</u>

**REQUEST FOR PRODUCTION NO. 1:**   Documents sufficient to show the number of each Accused Instrumentality made, used, sold, distributed, licensed, or imported by Defendant Taiv or Taiv USA, its wholly owned subsidiary, on a monthly basis since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 2:**  Documents sufficient to show the sales volume, gross revenue, costs of goods sold, gross profits, operating costs, operating profits, and net profits for each Accused Instrumentality made, used, sold, distributed, licensed, or imported by Defendant Taiv or Taiv USA, its wholly owned subsidiary, on a monthly basis since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 3:**  All Defendant Taiv financial statements from January 1, 2021, to the present.

**REQUEST FOR PRODUCTION NO. 4:**  All product documentation and marketing literature regarding any Accused Instrumentality provided to any subsidiary, affiliate, sales representatives, wholesalers, resellers, integrators, third-party support organizations, and end-users of Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 5:**   All business plans, marketing plans, and product development proposals for any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 6:**  All documents provided to any financial institution, investor, or potential investor of Defendant Taiv or Taiv USA, its wholly owned subsidiary, that includes any sales information, sales projections, market information, or financial projections based on whole or part on revenues derived from any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 7:**  Documents sufficient to show the manner in which Defendant Taiv or Taiv USA, its wholly owned subsidiary, shared or otherwise exchanged any sum associated with or derived from any Accused Instrumentality made, used, sold, distributed, licensed, or imported by Defendant Taiv or Taiv USA on a monthly basis since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 8:**  Defendant Taiv's organizational records, such as, articles of organization, operating agreements, bylaws, resolutions, and any agreements with Taiv USA, its wholly owned subsidiary, regarding the marketing, promotion, sale, or use of any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 9:**  Documents sufficient to show the development, design, structure, function, operation, and use of each Accused Instrumentality, including technical specifications, functional specifications, design specifications, schematics, user manuals, operations manuals, and administrator's guides.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to identify any third-party which possesses product documentation related to the design, structure, function, operation, and use of each Accused Instrumentality, including technical specifications, functional specifications, design specifications, schematics, user manuals, operations manuals, and administrator's guides.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to show the use by any customer of Defendant Taiv or Taiv USA, its wholly owned subsidiary, of each Accused Instrumentality, whether alone or in combination with other products, systems, or methods.

**REQUEST FOR PRODUCTION NO. 12:** The source code for each version of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 13:** Documents sufficient to identify who wrote the source code for each version of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to identify the identity and location of each person involved in designing, developing, implementing, testing, and maintaining each version of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show how and when Defendant Taiv or Taiv USA, its wholly owned subsidiary, first became aware of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 16:** All documents related to the actions that Defendant Taiv or Taiv USA, its wholly owned subsidiary, took, if any, as a result of becoming aware of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show how each Accused Instrumentality is licensed, sold, distributed, or otherwise provided to others.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to identify all sales representatives, importers, distributors, wholesalers, resellers, integrators, and third-party support organizations of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to identify what distribution mediums and channels are used to sell each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to identify any differences in pricing of each Accused Instrumentality between different mediums, channels, or recipients.

**REQUEST FOR PRODUCTION NO. 21:** Documents sufficient to identify what products or software are bundled with, or otherwise provided for no additional charge with, each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 22:** Documents sufficient to identify any third party that has purchased, licensed, or otherwise acquired from Defendant Taiv or Taiv USA, its wholly owned subsidiary, any Accused Instrumentality since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 23:** All marketing plans, reports, tests, studies, evaluations, analyses, white papers, and white papers for each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 24:** All documents relating to internal use by Defendant Taiv or Taiv USA, its wholly owned subsidiary, of each Accused Instrumentality, in whole or part.

**REQUEST FOR PRODUCTION NO. 25:** Documents sufficient to identify the locations of internal use by Defendant Taiv or Taiv USA, its wholly owned subsidiary, of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 26:** All documents relating to any testing of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 27:** Documents sufficient to identify the locations of the testing of each Accused Instrumentality and the involved persons and entities.

**REQUEST FOR PRODUCTION NO. 28:** Documents sufficient to identify the persons involved in testing or internal use by Defendant Taiv or Taiv USA, its wholly owned subsidiary, of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 29:** All documents that refer to MyChoice, the Asserted Patent, or this litigation, including communications within Defendant Taiv, communications between by Defendant Taiv and Taiv USA, its wholly owned subsidiary, communications with any third party, and minutes from Defendant Taiv Board of Directors meetings.

**REQUEST FOR PRODUCTION NO. 30:** All pricing plans and studies for each the Accused Instrumentality, including pricing analyses, projections, forecasts, comparisons, and models.

**REQUEST FOR PRODUCTION NO. 31:** Documents sufficient to identify each version of Defendant Taiv's policy(ies) relating to the retention or destruction of documents or electronic files after January 1, 2021.

**REQUEST FOR PRODUCTION NO. 32:** All documents related to the quality, value, usability, performance, demand, or benefits associated with each Accused Instrumentality or any functionality thereof.

**REQUEST FOR PRODUCTION NO. 33:** Documents sufficient to disclose the reasons Defendant Taiv or Taiv USA, its wholly owned subsidiary, decided to research, design, develop, implement, market, license, or sell each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 34:** All documents relating to the benefits, importance, or value of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 35:** All documents comparing the costs and benefits of each Accused Instrumentality to other products which do not possess the features of each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 36:** All marketing literature that has been used by Defendant Taiv or Taiv USA, its wholly owned subsidiary, to promote or market each Accused Instrumentality, including advertisements, brochures, presentations, and white papers, and which relate to or discuss each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 37:** All documents relating to any claim for indemnification arising out of or otherwise relating to this litigation.

**REQUEST FOR PRODUCTION NO. 38:** All documents relating to any efforts to design around or otherwise avoid any claims of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 39:** Documents sufficient to show Defendant Taiv or Taiv USA, its wholly owned subsidiary, policies for licensing patents, including both Defendant Taiv patents and third-party patents.

**REQUEST FOR PRODUCTION NO. 40:** Documents sufficient to disclose Defendant Taiv's or Taiv USA's, its wholly owned subsidiary, past and present organizational structure and to identify the name, job title, and duties of each officer of the company and any person having any job responsibilities related to any Accused Instrumentality from January 1, 2021, to the present.

**REQUEST FOR PRODUCTION NO. 41:** Documents sufficient to identify all entities, and the role played by such entities, including any Defendant Taiv subsidiaries or affiliates or any third-party entity, involved in the design, manufacture, testing, importation, distribution, marketing, sales, and support of each Accused Instrumentality.