# EXHIBIT "B"

The responses provided herein are based on a reasonable investigation by Taiv USA and are made without prejudice to Taiv USA's right to amend or supplement these responses and objections, as necessary.

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

Documents sufficient to show the number of each Accused Instrumentality made, used, sold, distributed, licensed, or imported by you or on your behalf on a monthly basis since January 1, 2021.

**RESPONSE TO REQUEST NO. 1:**

Taiv USA incorporates by reference its General Objections as though fully set forth herein, including but not limited to its general objections to the definitions of "Accused Instrumentality," "Document," and "you."  Taiv USA further objects to this Request as vague, irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it refers to "number of each Accused Instrumentality made, used, sold, distributed, licensed, or imported."  Taiv USA is a non-party in this case and is not being accused of infringement in this litigation.

Taiv USA further objects to this Request to the extent it seeks non-party Taiv USA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.

Taiv USA objects to the Request to the extent it seeks information that is publicly available or otherwise equally accessible to MyChoice without burdening non-party Taiv USA. To the extent any requested information exists, is relevant, and is available through Taiv, Inc., a party to the litigation, MyChoice should seek production from Taiv, Inc. and exhaust all measures for discovery from Taiv, Inc. rather than burden non-party Taiv USA.  No justification

to do otherwise has been provided, and MyChoice must take reasonable steps to avoid imposing undue burden or expense on Taiv USA with respect to this Request by obtaining the requested information from parties to the litigation.

Subject to and without waiving the foregoing general and specific objections, Taiv USA will meet and confer with MyChoice to determine what, if any, information is within Taiv USA's sole possession, custody, and control that is relevant to the litigation such that it justifies imposing a burden on non-party Taiv USA to collect and produce documents.

**REQUEST NO. 2:**

Documents sufficient to show the sales volume, gross revenue, costs of goods sold, gross profits, operating costs, operating profits, and net profits for each Accused Instrumentality made, used, sold, distributed, licensed, or imported by you or on your behalf on a monthly basis since January 1, 2021.

**RESPONSE TO REQUEST NO. 2:**

Taiv USA incorporates by reference its General Objections as though fully set forth herein, including but not limited to its general objections to the definitions of "Accused Instrumentality," "Document," and "you." Taiv USA further objects to this Request as vague, irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as it asks for detailed financial information of a non-party. Taiv USA is not being accused of infringement in this litigation.

Taiv USA further objects to this Request to the extent it seeks non-party Taiv USA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.

Taiv USA objects to the Request to the extent it seeks information that is publicly available or otherwise equally accessible to MyChoice without burdening non-party Taiv USA.