IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:23-cv-00507-JRG-RSP |
| TAIV, INC., | ) |
| Defendant. | ) |

**JOINT REPORT ON DISCOVERY CONFERENCE**

Pursuant to the Discovery Order ¶ 9(c), the parties conferred via video conference regarding the discovery issues presented in Plaintiff's Motion to Compel (Dkt. No. 37) set for hearing on November 15, 2024, at 3 pm before Magistrate Judge Roy Payne. The conference was held on November 5, 2024, and attended by lead and local counsel for the parties. The parties discussed the following issues with no agreement reached at this time.

(1) Taiv's Proposed On-Site Inspection of Electronic and Paper Records

**Plaintiff's Statement**: Plaintiff inquired whether any of Defendant's electronic and paper records have been or would be segregated. Defendant would not agree to segregate responsive records insisting that Plaintiff must search for and find any relevant responsive records, after which they would be processed by Defendant for production. Regarding electronic records, Plaintiff asked Defendant to identify the repositories where responsive electronic records are maintained, how access would be provided, and whether Taiv would allow remotely accessing any such repositories. Defendant did not know what electronic repositories include responsive documents, the manner in which access would be provided, or whether Taiv would allow remotely accessing any such repositories.

**Defendant's Statement**: MyChoice's overbroad requests implicate nearly every document in the company. Accordingly, it has proposed an on-site inspection of its document repositories. In response to MyChoice's November 5 request, Taiv provided a list of proposed repositories for MyChoice's in-person inspection and proposed a protocol for that review in which it would identify and provide access to the location of each category of document that counsel for MyChoice requests during the review. Taiv is not willing to provide remote access to all of its private corporate documents for entirely reasonable security concerns. With respect to paper records, Taiv is not aware of any relevant,

1

responsive, and non-duplicative paper documents.

    (2) <u>Taiv USA Responsive Documents in Defendant's Possession</u>

**Plaintiff's Statement**: Defendant would not agree to produce records in its possession that are allegedly the documents of its wholly owned subsidiary, Taiv USA, including without limitation Taiv USA's yearend financial records.

**Defendant's Statement**: Taiv has already produced detailed financial information from its accounting systems that includes: information regarding the revenues received by both Taiv and non-party Taiv USA, detailed profit and loss statements for both Taiv Inc. and Taiv USA, and year end financial statements of Taiv, Inc.. Plaintiff has not identified any financial information it lacks but contends that needs additional statements to confirm that the numbers produced from Taiv's financial systems are accurate, a topic best addressed via a 30(b)(6) deposition.

    (3) <u>Review of Defendant's Source Code</u>

**Plaintiff's Statement**: Defendant insists that its source code will only be produced at its counsel's office in San Francisco and will not agree to any process for Plaintiff to remotely review that code.

**Defendant's Statement:** As Taiv has previously stated to MyChoice, it is willing to arrange for remote review of its code if such review is secure and MyChoice bears the cost of that remote review.  Other than the insecure TeamViewer software, MyChoice has not proposed any alternative for Taiv to consider.  Taiv pointed out to MyChoice that counsel do not have a Texas office at which to provide the code, and Taiv should not be obligated to hire additional counsel merely because MyChoice does not want to review its code.

Dated: November 6, 2024

Respectfully submitted,

*/s / Michael C. Gilleran*
Michael C. Gilleran
(Mass. BBO No. 192210)
Pro hac vice allowed
michael.gilleran@fisherbroyles.com
FISHERBROYLES, LLP
75 State Street, Suite 100, PMB 4418
Boston, Massachusetts 02109
Direct: 781.489.5680
Mobile: 339.237.1384
LEAD ATTORNEY

Chris P. Perque
Texas State Bar No. 24005828
FisherBroyles, LLP
2925 Richmond Ave., Suite 1200
Houston, TX 77098
Phone: 832.604.4417
Facsimile: 832.377.5929
Email: chris.perque@fisherbroyles.com

**ATTORNEYS FOR PLAINTIFF, MYCHOICE LLC**

Respectfully submitted,

*/s/ Ryan J. Marton*
Ryan J. Marton (*Admitted E.D. Tex.*)
ryan@martonribera.com
Phil Haack *(Admitted E.D. Tex.)*
phaack@martonribera.com
Hector Ribera (*Admitted E.D. Tex.*)
hector@martonribera.com
Carolyn Chang (*Admitted E.D. Tex.*)
carolyn@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2514

**ATTORNEYS FOR DEFENDANT TAIV, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred via email regarding the above motion in accordance with Local Rule CV-7(i), and the above submission is unopposed.

/s/Chris P. Perque
Chris P. Perque
