## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC, and<br>BARBOARDS, LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>TAIV, INC.,<br><br>        Defendant.<br><hr>TAIV, INC.,<br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>MYCHOICE, LLC and<br>BARBOARDS, LLC<br><br>        Counterclaim-Defendants. | **C.A. No. 2:23-cv-00507-JRG-RSP**<br><br><br>**JURY TRIAL DEMANDED** |

## JOINT PRETRIAL ORDER

Plaintiffs and Counter Claim Defendants MyChoice, LLC and BarBoards, LLC ("BarBoards") (together, "Plaintiffs") and Defendant and Counter Claim Plaintiff Taiv, Inc. ("Taiv" or "Defendant") submit this Joint Pretrial Order regarding the jury trial for the above-captioned action. Pursuant to the Court's Amended Docket Control Order (Dkt. No.71) and Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference in this matter is scheduled for October 7, 2025, at 9:00 a.m. in Marshall, Texas. Jury selection is scheduled to occur on November 17, 2025 at 9:00 a.m. in Marshall, Texas.

## I.    COUNSEL FOR THE PARTIES

### A.    Counsel for Plaintiffs MyChoice, LLC & BarBoards, LLC

| | |
|---|---|
| **M. CRAIG TYLER**<br>Texas State Bar No. 00794762<br>CTyler@perkinscoie.com<br><br>**ANDREW KALAMARIDES**<br>Texas State Bar No. 24136939<br>AKalamarides@perkinscoie.com<br><br>**HELENA E.D. BURNS**<br>Texas State Bar No. 24143961<br>HBurns@perkinscoie.com<br><br>**RILEY W. ZOCH**<br>Texas State Bar No. 24140456<br>RZoch@perkinscoie.com<br><br>**PERKINS COIE LLP**<br>405 Colorado Street, Suite 1700<br>Austin, Texas 78701<br>Tel: (737) 256-6100<br><br>**MATTHEW LUTZ**<br>Arizona State Bar No. 038456 (*pro hac vice*)<br>MLutz@perkinscoie.com<br><br>**PERKINS COIE LLP**<br>2525 E Camelback Road, Suite 500<br>Phoenix, Arizona 85016<br>Tel.: (602) 351-8068 | **JAMES TRAVIS UNDERWOOD**<br>Texas State Bar No. 24102587<br>travis@gillamsmithlaw.com<br><br>**GILLAM & SMITH LLP**<br>102 N. College Avenue, Suite 800<br>Tyler, Texas 75702<br>Tel.: (903) 934-8450<br><br>ATTORNEYS FOR PLAINTIFFS MYCHOICE, LLC AND BARBOARDS, LLC |

### B.    Counsel for Defendant Taiv, Inc.

| | |
|---|---|
| **RYAN J. MARTON**<br>California State Bar No. 223979 (admitted E.D. Tex.)<br>ryan@martonribera.com<br><br>**CAROLYN C. CHANG**<br>California State Bar No. 217933 (admitted E.D. Tex.)<br>carolyn@martonribera.com | **DERON DACUS**<br>Texas State Bar No. 00790553<br>ddacus@dacusfirm.com<br><br>**THE DACUS FIRM, PC**<br>821 ESE Loop 323<br>Suite 430<br>Tyler, TX 75701<br>903-705-1117<br>Fax: 903-581-2543 |

| | |
|---|---|
| **HECTOR RIBERA**<br>California State Bar No. 221511 (admitted E.D. Tex.)<br>hector@martonribera.com<br><br>**PHILLIP JOHN HAACK**<br>California State Bar No. 262060 (admitted E.D. Tex.)<br>phaack@martonribera.com<br><br>**MARTON RIBERA SCHUMANN & CHANG LLP**<br>548 Market Street #36117<br>San Francisco, CA 94104<br>(415) 360-2517 | ATTORNEYS FOR DEFENDANT TAIV, INC. |

## II.    STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over all parties. Likewise, for purposes of this action only, the parties do not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.[1]

## III.    NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States. Plaintiffs allege that Taiv has directly, indirectly, and willfully infringed claims 1-3, 5-7, 9-10, and 13 ("the Asserted Claims") of U.S. Patent No. 10,708,658 (the "'658 Patent" or the "Patent-in-

---

[1] **Plaintiffs' Position:** The parties do not actually contest whether venue is proper. In fact, Taiv's Answer & Counterclaims alleges: "Venue in this District is proper pursuant to 28 U.S.C. s 1391(b), (c), and (d), and because Counterclaim-Defendants filed their First Amended Complaint in this District, though not necessarily convenient." (Dkt. No. 65 at 10.). Taiv may dispute whether venue is *convenient*, but it has not disputed that venue is *proper*. These requirements are not coextensive.

**Taiv's Position:** Taiv has contested and continues to contest the propriety of venue based on inconvenience pursuant to 28 U.S.C. 1404(a).

Suit") entitled "Video Viewing Experience Enhancement Through Custom Curation," pursuant to 35 U.S.C. § 271.

Defendant and Counter Claim Plaintiff, Taiv, Inc. ("Taiv") has also asserted counterclaims for antitrust violations under 15 U.S.C. § 2 (Attempted Monopolization) based on assertion of a fraudulently procured patent and sham litigation.

## IV.    CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial.  The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.  By providing these contentions, the Parties do not waive any of their pending or anticipated motions, which (if granted) would resolve some or all of these issues.  The Parties' contentions in this case are detailed further in the pleadings, infringement/invalidity contentions, discovery responses, expert reports, depositions, and briefing and responses to the opposing Party's motions.

### A.    Plaintiffs' Contentions

Plaintiffs provide the following statement of contentions without waiver of any claim pled, any response given during discovery, or any opinion given by Plaintiffs' experts.  By providing these contentions, Plaintiffs do not waive any of its motions *in limine*, motions for summary judgment, or motions to strike.

1.    Taiv has directly infringed and continues to directly infringe claims 1-3, 5-7, 9-10, and 13 of the '658 Patent under 35 U.S.C. § 271(a) literally by making, using, selling, offering for sale within the United States and/or importing into the United States the Accused System.

2.    MyChoice provided Taiv with actual notice of its infringement of the '658 Patent on June 17, 2022, prior to the filing of MyChoice's Original Complaint.

3.    Taiv has indirectly infringed and continues to indirectly infringe claims 1-3, 5-7, 9-10, and 13 of the '658 Patent under 35 U.S.C. § 271(b) by inducing infringement of the '658 Patent

by others such as Taiv's venue-owner customers, venue-owner customer employees, advertiser-customers, advertiser-customer employees, consumers, and end-users.  Specifically, Taiv induces others such as Taiv's venue-owner customers (e.g., bar and restaurant owners such as Cover 3) and consumers and end-users to directly infringe the Asserted Claims of the '658 Patent by using, selling, or offering to sell the Accused System in the United States.  Taiv induces infringement by its customers, consumers, and end-users by inducing, instructing, training, and/or encouraging them to use the Accused System.  Taiv has had actual knowledge of the '658 Patent or was at least willfully blind as to its existence and had actual knowledge or was at least willfully blind that its actions to cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

4.      Taiv is contributorily infringing the Asserted Claims of the '658 Patent in violation of 35 U.S.C. § 271(c) by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, a location tracking system for use in infringing the '658 Patent, constituting a material part of the invention, knowing the location tracking system to be especially made or especially adapted for use in infringing the '658 Patent.  The location tracking system is not a staple article or commodity of commerce suitable for substantial non-infringing use.

5.      Taiv's infringement of the '658 Patent has been willful and continues to be willful.

6.      Plaintiffs have been damages by Taiv's infringement of the '658 Patent and are entitled to no less than a reasonable royalty under 35 U.S.C. § 284.

7.      Plaintiffs are entitled to pre-judgment and post-judgment interest.

8.      Plaintiffs are entitled to enhanced damages and reasonable costs.

9.    Plaintiffs contend that this is an exceptional case entitling Plaintiffs to attorneys' fees under U.S.C. § 285.

10.    Plaintiffs are entitled to a permanent injunction against Taiv for any ongoing and future infringement of the '658 Patent.

11.    MyChoice is the valid, presumptive assignee of the '658 Patent and all rights thereto, including the right to claim damages for infringement.

12.    BarBoards is the exclusive licensee of the '658 Patent and all rights thereto, including the right to claim damages for infringement.

13.    The Asserted Claims are valid, enforceable, and currently in full force and effect. The '658 Patent expires on June 21, 2038.  Each of the Asserted Claims of the '658 Patent is entitled to a priority date of June 22, 2017, the filing date of U.S. Patent Provisional Application No. 62/523,661.

14.    The Asserted Claims are not invalid for any reason, including under Sections 101, 102, 103, and 112 of the Patent Act.

15.    The Asserted Claims are not unenforceable for any reason, including based on any legal or equitable theory asserted by Taiv.

16.    Plaintiffs' damages for infringement of the '658 Patent are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Taiv.

17.    Taiv is not entitled to any finding in its favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

18.    The Asserted Claims are not barred by any of Taiv's affirmative defenses or counterclaims.

19.    Taiv's antitrust counterclaims are barred by the *Noerr-Pennington* doctrine.

20.     No false representation of material fact was made during prosecution of the '658 Patent.

21.     Neither the applicant nor the prosecuting patent agent had the specific intent to deceive the United States Patent Office during prosecution of the '658 Patent.

22.     The instant litigation is not objectively baseless.

23.     The instant litigation was not subjectively brought to interfere directly with the business of a competitor.

24.     Taiv has not sufficiently defined a market in support of its antitrust claims.

25.     Plaintiffs have not engaged in predatory or anticompetitive conduct.

26.     Plaintiffs do not have the specific intent to monopolize.

27.     There is not a dangerous probability that Plaintiffs may achieve monopoly power.

28.     Taiv has not suffered any cognizable antitrust injury.

29.     Taiv is not entitled to any damages or equitable relief for its antitrust claims.

**B.     Taiv's Contentions**

Taiv does not infringe, either directly or indirectly, any Asserted Claim of the Patent-in-Suit.  Each Asserted Claim is further invalid as anticipated by or obvious in light of the prior art. Accordingly, Plaintiffs are not entitled to any relief they seek.  Taiv further contends that:

1.     Taiv does not make, use, sell, or offer to sell any article comprising a tangible medium that is claimed in the Asserted Patent.

2.     Taiv does not perform any method claimed in the Asserted Patent.

3.     Taiv does not practice each and every element of any Asserted Claim by providing its products and services, or otherwise.

4.     Taiv contends that it has not infringed the Asserted Claims of the Asserted Patent whether literally or under the doctrine of equivalents.

5.      Taiv has not induced and does not induce infringement of any Asserted Claim.

6.      Plaintiffs are precluded from presenting any theory of contributory infringement at trial having failed to disclose any contributory infringement theory in their Infringement Contentions, or otherwise.

7.      Taiv contends that it does not selling, offering to sell, and/or import into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, a location tracking system for use in infringing the '658 Patent, constituting a material part of the invention. Taiv also contends that no location tracking system is made by it, or especially made or especially adapted for use in infringing the '658 Patent.

8.      Taiv contends that it is entitled to a declaratory judgment that it has not infringed, contributed to infringing, or induced infringement of the Asserted Patent, that the Asserted Patent is invalid, and that the Asserted Patent is unenforceable.

9.      Taiv contends that the Asserted Claims of the Asserted Patent are invalid as anticipated under 35 U.S.C. § 102 by the following references and systems:

| Abbreviated Name of Published References | Patent No. or Publication No. |
|---|---|
| Candelore '341 | 9,392,341 |
| Durden | 7,380,258 |
| Candelore '525 | 8,667,525 |
| '843 Publication | US 2014/0351843 A1 |
| **Systems** | **Exemplary Publications Describing the System** |
| myTVChoice | Declaration of Nathaniel E. Frank-White, June 28, 2024, (Internet Archive) TAIV-00000149-TAIV-00000177 |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "The Experience" |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "Skip Offensive Ads with MyChoice" |

| | |
|---|---|
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "What is MyChoice" |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "Easy to Use" |
| | Vimeo video available at https://vimeo.com/149060155 (*See* MYCHOICE001388) |
| | Vimeo video available at https://vimeo.com/211783332 (*See* MYCHOICE001444) |
| | "Sports Bar Networks – Home," *available at* https://web.archive.org/web/20150724232021/http://sportsbarnetworks.com:80/ |
| | Source Code produced by MyChoice as MyChoice Repository.zip |
| | Source Code from GELLES-00000133-video-manager.zip ("Code2") |
| | MYCHOICE00007730-MYCHOICE007741 |
| | *https://automatedhome.com/thinkflood-launches-redeye-universal-remotecontrol-system-for-iphone-and-ipod-touch/;* *https://www.youtube.com/watch?v=ty_Tm0uXVC0* *https://web.archive.org/web/20140209114744/http://thinkflood.com/products/;* *https://web.archive.org/web/20140118133259/http://thinkflood.com/products/redeye/;* *https://web.archive.org/web/20140118133259/http://thinkflood.com/products/redeye/#technical-specifications;* *https://web.archive.org/web/20140209115038/http://thinkflood.com/support/redeye/* *https://web.archive.org/web/20140411013344/http://thinkflood.com/products/redeye/user-manual.pdf* *https://web.archive.org/web/20140411015706/http://thinkflood.com/products/redeye/programming-manual.pdf* |
| | U.S. Patent No. 9,021,518, titled "System to avoid viewing commercials in real time," issued to Richard Theriault on April 28, 2015 ("'518 Patent") |
| SegOne | Docket No. 1-4 from *ABC et al v. Flying J, Inc.*, Dist. Court S.D.N.Y., case no. 1:06-cv-02967 ("2006 SegOne website") (TAIV-00000631-639) |

| | U.S. Patent Pub. US2005/0238320 A1 (TAIV-00000193-212) |
|---|---|

10.    Taiv contends that the Asserted Claims of the Asserted Patent are invalid as obvious under 35 U.S.C. § 103. Each reference and system referred to above individually renders the Asserted Claims obvious.  In addition, the combination of references describing each system listed above render the Asserted Claims obvious.  In addition, the combination of the myTVChoice system and the '843 publication render the Asserted Claims obvious.  In addition, the combination of Durden and Candelore '341 renders the Asserted Claims obvious.[2]

11.    Taiv contends that the Asserted Claims of the Asserted Patent are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement.

12.    Taiv contends that the Asserted Claims of the Asserted Patent are invalid under 35 U.S.C. § 101 for failure to claim patentable subject matter.

13.    The '658 Patent is not entitled to a priority date earlier than, June 21, 2018, the filing date of U.S. Patent Application No. 16/013,999.

14.    The Asserted Patent is unenforceable due to inequitable conduct of the inventor, Richard Theriault and/or of one or more individuals associated with the filing and prosecution of the application that led to the '658 patent.

---

[2] **Plaintiffs' Objection:** Taiv has not sufficiently disclosed its obviousness theories, including combinations and motivations to combine.  Taiv's disclosure of the combination of the '843 Publication and myTVChoice system in its invalidity report does not identify which particular myTVChoice system a POSITA would combine with the '843 Publication, which aspects of the references a POSITA would combine to render the Asserted Claims obvious, or how a POSITA would have been able to combine the references.  As for the combination of Durden and Candelore '341, Taiv's expert's report on invalidity states only bare assertions that Durden in combination with Candelore '341 renders the asserted claim obvious. Taiv has not identified how these references could have been combined, which aspects of the combination purportedly render the Asserted Claims obvious, or any reason a POSITA would have been motivated to combine these references.  The Court should not afford Taiv the opportunity to identify new obviousness combinations or rationales at this stage.

15.    Richard Theriault had a duty of candor and was obligated to disclose material information, in particular MyChoice's own prior art products, to the USPTO and did deliberately fail to disclose material information to the USPTO with an intent to deceive or mislead.

16.    MyChoice made, used, sold, and offered for sale at least the following prior art products around the following times, none of which were disclosed the USPTO:

     a.    a "Redeye In-Home" version of its product on or about May 2013;

     b.    a "Non-Redeye In-Home" version of its product on or about September 2013;

     c.    a "Miller House Out-of-Home" version of its product on or about April 2015;

     d.    a "Dave and Busters Out-of-Home" version of its product on or about June 2015; and

     e.    a "Marriott Out-of-Home" version of its product on or about November 2019.

17.    But for Mr. Theriault's non-disclosure of material information, the USPTO would not have issued the '658 Patent.

18.    Plaintiffs have tried to assert, license, or otherwise exploit the '658 patent (which they obtained fraudulently from the USPTO and knew to be invalid and unenforceable), to enter, gain market power, have an intended anticompetitive effect within, and/or otherwise monopolize the Relevant Market.

19.    Plaintiffs filed, and/or has been maintaining, this patent infringement lawsuit against Taiv in bad faith with intent to damage Taiv, drive Taiv out of the Relevant Market, or otherwise force Taiv to license or otherwise pay for rights to the '658 patent whereby MyChoice could financially benefit from Taiv's revenue streams.

20.    Despite knowing that the '658 Patent was fraudulently obtained, invalid and unenforceable, Plaintiffs have pursued an objectively baseless, sham litigation against Taiv with intended anticompetitive effect.

21.    MyChoice and BarBoards have maintained this lawsuit with the intent to monopolize the Relevant Market and to gain market power at the expense of Taiv.

22.    Plaintiffs have acted in bad faith to, among other acts, intentionally withheld or otherwise concealed information which reflected anticompetitive behavior and attempts to monopolize the Relevant Market using the '658 patent by hiding BarBoards license to the '658 Patent and its funding of this lawsuit.

23.    Through their assertion of infringement of the Asserted Patent, their predatory and anticompetitive conduct, and with their pre-suit demands, litigation, and litigation strategy, Plaintiffs have sought to create fear, uncertainty, and doubt within the Relevant Market  regarding Taiv and among Taiv's customers, investors, and potential investors, and have damaged Taiv and disrupted Taiv's business and business relationships.

24.    Taiv has accordingly suffered antitrust injury in at least the amount of its costs and fees to defend the improper lawsuit brought by Plaintiffs.

25.    There is a dangerous probability that Plaintiffs may achieve monopoly power.

26.    Taiv is not liable to Plaintiffs under any cause of action or legal theory Plaintiffs assert.

27.    Plaintiffs are not entitled to any of the recovery they seek.

28.    Plaintiffs are not entitled to any other costs, interests, or further relief.

29.    Plaintiffs are not entitled to any damages, including but not limited to a reasonable royalty.

30.    Plaintiffs are not entitled to a compulsory ongoing licensing fee.

31.    Plaintiffs are not entitled to a finding of infringement.

32.    Plaintiffs are not entitled to a finding of willful infringement.

33.    Taiv is entitled to an order finding that this is an exceptional case.

34.    Taiv is entitled to an order requiring Plaintiffs to pay its costs and attorneys' fees reasonably incurred in defending this action.

35.    Taiv is entitled to a judgment declaring that MyChoice and BarBoards' conduct constitutes a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

36.    Taiv is entitled to an award of all damages resulting from MyChoice and BarBoards' violation of the Sherman Act, 15 U.S.C. § 2.

37.    Taiv is entitled to an order trebling damages awarded to Taiv pursuant to 15 U.S.C. § 15(a).

38.    Taiv objects to any of Plaintiffs' contentions that were not properly pleaded and disclosed pursuant to the Federal Rules of Civil Procedure and this Court's rules and orders.

39.    Taiv objects to any of Plaintiffs' contentions regarding issues dismissed, withdrawn, or excluded by agreement and/or by the rulings of the Court.

40.    Taiv objects to any contention that is subject to a currently pending motion in this matter.

41.    Taiv objects to the relitigation of any issue that has already been determined by the Court.

37.    To the extent not already addressed above, Taiv disputes Plaintiffs' contentions.

## V.    STIPULATIONS AND UNCONTESTED FACTS

### A.    Stipulations

The following stipulations are for the purposes of this case only.

1.      The parties will continue to meet and confer to attempt to resolve their objections to deposition designations, witnesses, and exhibits, and to identify additional potential stipulations, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

2.      The parties propose that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

### B.      Uncontested Facts

1.      MyChoice filed its Original Complaint on November 2, 2023, alleging infringement of the Patent-in-Suit by Taiv.

2.      Plaintiffs filed their First Amended Complaint on April 22, 2025, alleging infringement of the Patent-in-Suit by Taiv.

3.      Taiv filed its Answer, Affirmative Defenses, and Counterclaims on May 13, 2025, alleging non-infringement of the Patent-in-Suit, invalidity of the Patent-in-Suit, Unenforceability of the Patent-in-Suit due to inequitable conduct, *Walker Process* fraud and attempted monopolization, and sham litigation and attempted monopolization.

4.      Subject matter jurisdiction is proper in this Court as to Plaintiffs' claims and Defendant's counterclaims.

5.      The parties do not contest that the Court has personal jurisdiction over the parties for the purposes of this action.

6.      The parties do not contest that the Court has proper venue over this dispute for purposes of this action.[3]

---

[3] **Plaintiffs' Position:** The parties do not actually contest whether venue is proper. In fact, Taiv's Answer & Counterclaims alleges: "Venue in this District is proper pursuant to 28 U.S.C. s 1391(b), (c), and (d), and because

7.     Plaintiff MyChoice, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts and has a principal place of business at 17836 Ogallala Warpath Rd, Los Gatos, CA 95033.

8.     Plaintiff BarBoards, LLC is a limited liability company organized and existing under the laws of the state of Texas and has a principal place of business at 111 W Anderson Lane E330, Austin, TX 78752.

9.     Defendant Taiv is a corporation organized and existing under the laws of Canada and has a principal place of business at 400-321 McDermot Avenue, Winnipeg, Manitoba (CA-MB) R3A 0A3 Canada.

10.    The '658 Patent is entitled "Video Viewing Experience Enhancement Through Custom Curation" and was issued on July 7, 2020, from United States Patent Application No. 16/013,999, filed on June 21, 2018.

11.    Richard Theriault is the sole named inventor of the '658 Patent.

12.    The '658 Patent expires on June 21, 2038.

13.    More than one year before the filing date of the '658 Patent, MyChoice made, used, sold, and/or offered for sale the following products:

14.    a "Redeye In-Home" version of its product on or about May 2013;

15.    a "Non-Redeye In-Home" version of its product on or about September 2013;

16.    a "Miller House Out-of-Home" version of its product on or about April 2015;

---

Counterclaim-Defendants filed their First Amended Complaint in this District, though not necessarily convenient." (Dkt. No. 65 at 10.).  Taiv may dispute whether venue is *convenient*, but it has not disputed that venue is *proper*. These requirements are not coextensive.

   **Taiv's Position:**  Taiv has contested and continues to contest the propriety of venue based on inconvenience pursuant to 28 U.S.C. 1404(a).

17.     a "Dave and Busters Out-of-Home" version of its product on or about June 2015; and

18.     The parties will continue to attempt to identify additional potential uncontested facts and will supplement these to the extent the parties reach an agreement regarding additional uncontested facts.

## VI.     CONTESTED ISSUES OF FACT AND LAW

1.     Whether Plaintiffs have proven by a preponderance of the evidence that Taiv has directly infringed the Asserted Claims of the '658 Patent by making, using, selling, offering to sell and/or importing into the United States the Accused System.

2.     Whether Taiv has proven by clear and convincing evidence that the Asserted Claims of the '658 Patent are invalid because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

3.     Whether Taiv has proven by clear and convincing evidence that the Asserted Claims of the '658 Patent are invalid as anticipated under 35 U.S.C. § 102.

4.     Whether Taiv has proven by clear and convincing evidence that the Asserted Claims of the '658 Patent are invalid as obvious under 35 U.S.C. § 103.

5.     Whether Taiv has proven by clear and convincing evidence that the Asserted Claims of the '658 Patent are invalid based on a lack of written description under 35 U.S.C. § 112.

6.     Whether Taiv has proven by clear and convincing evidence that the Asserted Claims of the '658 Patent are invalid based on a lack of written description under 35 U.S.C. § 112.

7.     Whether Taiv has proven by clear and convincing evidence that Richard Theriault, MyChoice, and/or BarBoards engaged in knowing and willful fraud on the U.S. Patent and Trademark Office (PTO), resulting in the procurement of a patent that would not have otherwise issued, and then enforced that patent while knowing of the fraud.

8.      Whether Taiv has proven by clear and convincing evidence that Richard Theriault, MyChoice, and/or BarBoards sought to monopolize the Relevant Market by a course of conduct that included prosecution of sham patent litigation against Taiv by asserting objectively baseless claims of infringement of the '658 Patent and/or by disrupting Taiv's customer and other business relationships by falsely claiming that Taiv infringes the '658 Patent.

9.      Whether Plaintiffs have proven, by a preponderance of the evidence, that they are entitled to a reasonable royalty under 35 U.S.C. § 284 for Taiv's alleged infringement of the Asserted Claims of the '658 Patent, and if proven, the total amount of such royalty.

10.     If infringement of the '658 Patent is found, whether Plaintiffs are entitled to pre- or post-judgment interest, and if so, the total amount of such interest.

11.     Whether Plaintiffs have proven that they are entitled to a permanent injunction.

12.     Whether Plaintiffs have proven that they are entitled to their attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

13.     Whether Taiv has proven that it is entitled order finding that this is an exceptional case.

14.     Whether Taiv has proven that it is entitled to an order requiring Plaintiffs to pay its costs and attorneys' fees reasonably incurred in defending this action.

15.     Whether Taiv has proven that it is entitled to a judgment declaring that MyChoice and BarBoards' conduct constitutes a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

16.     Whether Taiv has proven that it is entitled to an award of all damages resulting from MyChoice and BarBoards' violation of the Sherman Act, 15 U.S.C. § 2.

17.     Whether Taiv has proven that it is entitled to an order trebling damages awarded to Taiv pursuant to 15 U.S.C. § 15(a).

The foregoing shall not constitute a waiver by any Party of pending motions for dispositive relief which may moot one or more of the foregoing contested issues.

## VII.    TRIAL MANAGEMENT PROCEDURES

The parties agree to the following procedure that will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives1 to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.    Notification of Live Witnesses

A party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by **7:00 p.m. CT** two (2) days before they are expected to testify. Any objections to a witness will be provided no later than **8:00 p.m. CT** the day before they are expected to testify. The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the witness is expected to testify.

### B.    Demonstratives

1.    Plaintiffs' demonstratives will be identified by numbers prefixed with "PD." Defendant's demonstratives will be identified by numbers prefixed with "DD."

2.    Demonstratives must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during trial) must have been previously designated by the Parties and cleared of outstanding objections before being shown to the jury, except when properly used for purposes of impeachment.

3.    Demonstratives previously displayed in the course of the trial need not be disclosed again.

4.      Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party and will not be used by the opposing party if not used by the disclosing party.

5.      A party will provide demonstratives to be used in connection with direct examination, including indicating with which witness the demonstratives will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than **8:00 p.m. CT** the day before their intended use.  The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the demonstratives' intended use.  If good faith efforts to resolve objections to demonstratives fail, the objecting party shall bring its objections to the Court's attention by email by **10:00 p.m. CT** so that the Court can address any remaining disputes the next morning prior to any witnesses being called to the witness stand.

6.      If any of the demonstratives change after they have been provided to the opposing party, excluding non-substantive edits and typographical corrections, the party intending to use the demonstrative will promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstratives are presented to the jury.

7.      Where a demonstrative refers to information found in a trial exhibit, the party offering the demonstrative shall disclose to the other party all trial exhibits that form the basis of the demonstrative at the same time the party discloses the demonstrative.

8.      The party seeking to use demonstratives will provide a color representation of the demonstratives to the other side in PDF form. However, for video animations, the party seeking to use the demonstrative will provide it to the other side electronically via a secure file share or other similar method. Non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art or physical products, must be made available for inspection by **7:00**

p.m. CT two nights before their intended use. The Parties shall meet and confer regarding non-documentary demonstratives or live product demonstrations by **9:00 p.m. CT** the night before their intended use.

9.    This provision does not apply to demonstratives created during testimony or demonstratives created live in Court, none of which need to be provided to the other side in advance of their use.

### C.    Opening Statements

1.    The parties will exchange demonstratives to be used in opening statements by **4:00 p.m. CT** the day before opening statements.  The parties will provide any objections to such demonstratives by **5:00 p.m. CT** on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at **6:00 p.m. CT** the day before opening statements.  If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention by email by **8:00 p.m. CT** so that the Court can address any remaining disputes on the morning of opening statements.

2.    This provision does not apply to demonstratives created during opening statements, which do not need to be provided to the other side in advance of their use.

3.    Demonstratives exchanged will not be used by the opposing party prior in their opening statements or jury selection and will not be used by the opposing party at all if not used by the disclosing party.

4.    The parties agree that demonstratives the parties intend to use at trial do not need to be included on the joint or party exhibit lists, including the exhibit lists exchanged for pretrial disclosures and the final joint and party exhibit lists. The parties otherwise reserve all rights to object to any demonstrative.

### D.    Closing Argument

1.    To the extent not previously disclosed, the parties will exchange copies of all demonstratives they plan to use for closing argument by **9:00 p.m. CST** the night before closing arguments. The parties shall meet and confer on any objections to closing argument demonstratives reasonably in advance of closing. This excludes anything the jury has already seen, including exhibits, demonstratives or trial testimony if limited to the trial testimony with the corresponding name of the witness name, position/title and picture of the witness, without any title or other notations.

### E.    Exhibits

1.    A party will provide a list of exhibits to be used in connection with direct examination (whether live or by deposition), including indicating with which witness the exhibit will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than **8:00 p.m. CT** the day before their intended use.  The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the exhibits' intended use.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention by email by **10:00 p.m. CT** so that the Court can address any remaining disputes prior to the witness being called to the witness stand.

2.    Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list.  The parties' exhibit lists and the joint exhibit list include exhibits that may not necessarily be introduced into evidence. A party's failure to introduce any exhibit appearing on its list or the joint list shall not be commented on during trial except that a comment may be made if the exhibit was used in opening and then not explained to the jury by a witness at trial.

3.      The parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination. Documents proposed to be used with any witness on cross examination that a party seeks to enter into evidence must be on the joint or party exhibit lists.

4.      A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

5.      Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

6.      For exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format.

7.      None of the exhibit lists (including the joint list and each party's list) nor any portion thereof is admissible or may be presented to the jury without leave of Court.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document. The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties' exhibit lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

8.      If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

### F.    Deposition Testimony

1.      If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by **7:00 p.m. CT** two (2) days before the trial day during which the deposition testimony is expected to be read or played. Counter designations and objections are due by **8:00 p.m. CT** the same evening and parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the same evening. Any unresolved objection will be raised with the Court the next morning (the day before the designations are to be read or played).

2.      The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and provide a final version of the video to the other party as soon as any final rulings are obtained from the Court and the video editing has been completed and to provide the video and transcript of the proffered testimony to the other party for review by **7:00 p.m. CT** the day before it is to be shown to the jury.

3.      Deposition video will include subtitles of the testimony at the bottom or side of the screen that matches the witness's testimony.

4.      If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such deposition testimony is completed.

5.      Deposition counter-designations will be counted against the designator's time. If the parties disagree as to the time allocation for any designations and counter-designations, including based on any optional completeness objections, the parties agree to raise the issue with the Court in advance of the deposition being presented to the jury.  The designations and counter-designations must be presented in the order they appear in the transcript.

6.      Colloquy between counsel and objections will be eliminated when the deposition is played by video.

7.      In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

8.      Nothing in this provision shall preclude a party from using deposition testimony at trial for purposes of impeachment. However, nothing in this provision is intended to expand the scope of proper impeachment of a witness.

### G.    Handling of Confidential Material and Source Code

1.      The parties agree to request that the courtroom be sealed when a party's or non-party's confidential information, including all technical information and source code, evidence concerning highly sensitive business documents including but not limited to license agreements and financial information, testimony, or information, is expected to be presented. The Protective Order in this case (Dkt. 32) applies to all sealed pre-trial and trial proceedings (i.e., all provisions and obligations of the Protective Order apply to all individuals attending the sealed proceedings, including corporate representatives).

### H.    Shared Electronic Versions of Displays

1.      The parties agree to provide electronic PDF versions of demonstratives displayed to the jury as soon practicable, but in no event later than **7:00 p.m. CT** on the day that the demonstratives are used.

### I.    Motions

1.      All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) shall be brought to the Court orally.

2.      The parties shall reserve all motions under Rule 50(a) until the close of all evidence. *See* Fed. R. Civ. P. 50(a)(2) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.").

### J.      Witness Examination

1.      The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies.  For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross-examine that witness.

## VIII.   LIST OF WITNESSES

### A.      For Plaintiffs

Plaintiffs' witness list is attached hereto as **Exhibit A**.  Plaintiffs' deposition designations, Taiv's objections and counter-designations, Plaintiffs' objections to Taiv's counter-designations and Plaintiffs' counter-counter designations are attached hereto as **Exhibit B**.

### B.      For Taiv

Taiv's witness list is attached hereto as **Exhibit C**.  Taiv's deposition designations, Plaintiffs' objections and counter-designations, Taiv's objections to Plaintiffs' counter-designations and Taiv's counter-counter designations are attached as **Exhibit D**.

## IX.    LIST OF EXHIBITS

The parties' joint exhibit list is attached as **Exhibit E**.  Plaintiffs' exhibit list, along with Taiv's objections, is attached as **Exhibit F**.  Taiv's exhibit list, along with Plaintiffs' objections is attached as **Exhibit G**.  The parties continue to meet and confer to resolve objections to exhibits.

## X.     JURY INSTRUCTIONS AND VERDICT FORM

Attached as **Exhibit H** are the proposed jury instructions.

## XI.    VERDICT FORM

Attached as **Exhibit I** is the proposed verdict form.

## XII.    LIST OF ANY PENDING MOTIONS

|  | Date | Dkt | Party | Motion Title |
|---|---|---|---|---|
|  | June 11, 2025 | 70 | Plaintiffs | Motion to Dismiss and Strike Defendant Taiv's Counterclaims and Affirmative Defenses Under Rules 12(b)(6) and 12(f) |
|  | August 25, 2025 | 89 | Taiv | Motion to Strike Portion of Plaintiffs' Expert Reports |
|  | August 25, 2025 | 90 | Plaintiffs | Motion to Strike Portions of Expert Report of Dr. Kevin C. Almeroth Regarding Invalidity |
|  | August 25, 2025 | 91 | Plaintiffs | Motion to Strike Taiv's Fed. R. Civ. P. 26(a)(2)(C) Disclosure of Jordan Davis |
|  | August 25, 2025 | 92 | Plaintiffs | Motion to Strike Taiv's Fed. R. Civ. P. 26(a)(2)(C) Disclosure of Noah Palansky |
|  | August 25, 2025 | 93 | Taiv | Motion for Summary Judgment of Patent Ineligibility |
|  | August 25, 2025 | 94 | Plaintiffs | Motion for Partial Summary Judgment on Defendant Taiv's Inequitable Conduct and Attempted Monopolization Counterclaim |
|  | August 25, 2025 | 95 | Taiv | Motion for Summary Judgment of Non-Infringement |
|  | September 9, 2025 | 108 | Plaintiffs | Motions *in Limine* |
|  | September 9, 2025 | 110 | Taiv | Motions *in Limine* |

## XIII.    PROBABLE LENGTH OF TRIAL

The Parties estimate the probable length of the jury trial is 22 hours (exclusive of voir dire, opening, and closing), with 11 hours for each side. The Parties propose 30 minutes each for voir dire, 30 minutes each for opening statements, and 45 minutes each for closing statements, with Plaintiffs being allowed to reserve no more than 15 minutes for rebuttal closing.

## XIV.  ADDITIONAL DISPUTED MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

To the extent that Taiv's antitrust counterclaims are not dismissed before trial, Plaintiffs intend to move to bifurcate Taiv's antitrust counterclaims pursuant to Fed. R. Civ. P. 42(b). Bifurcation of Taiv's antitrust claims would promote the interests of convenience, avoid prejudice and juror confusion, and would preserve the trial setting for Plaintiffs' patent infringement claim. Plaintiffs believe a bench trial is appropriate for the issues raised in Taiv's antitrust claims and expect that said bench trial can be completed in one day following the jury trial on infringement, invalidity, and damages.

Taiv intends to oppose any bifurcation of its antitrust claims and believes that it is entitled to a jury trial on its antitrust claims.

## XV.  CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

1.      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2.      Discovery limitation set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3.      Each exhibit in the List of Exhibits herein:

    a.   is in existence;

    b.   is numbered; and

    c.   has been disclosed and shown to opposing counsel.

Dated: September 26, 2025

/s/ M. Craig Tyler
M. Craig Tyler
Texas State Bar No. 00794762
CTyler@perkinscoie.com
Andrew Kalamarides
Texas State Bar No. 24136939
AKalamarides@perkinscoie.com
Helena E.D. Burns
Texas State Bar No. 24143961
HBurns@perkinscoie.com
Riley Zoch
Texas State Bar No. 24140456
RZoch@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Tel: (737) 256-6100

Matthew Lutz (*pro hac vice*)
Arizona State Bar No. 038456
MLutz@perkinscoie.com
PERKINS COIE LLP
2525 E Camelback Road, Suite 500
Phoenix, Arizona 85016
Tel.: (602) 351-8068

James Travis Underwood
Texas State Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH LLP
102 N. College Avenue, Suite 800
Tyler, Texas 75702
Tel.: (903) 934-8450

*Attorneys for Plaintiffs*
*MyChoice, LLC and BarBoards, LLC*

Respectfully submitted,

/s/ Ryan Marton
Ryan Marton (CA 223979, admitted E.D. Tex.)
Hector Ribera (CA 221511, admitted E.D. Tex.)
Phillip Haack (CA 262060, admitted E.D. Tex.)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:    (415) 360-2515
Email:  ryan@martonribera.com
          hector@martonribera.com
          phaack@martonribera.com

*Attorneys for Defendant Taiv, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served September 26, 2025 to all counsel of record, via the Court's CM/ECF system.

*/s/ James Travis Underwood*
James Travis Underwood
