IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MYCHOICE, LLC *and* BARBOARDS, LLC, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:23-CV-00507-JRG-RSP |
| TAIV, INC., | § § | |
| *Defendant*. | § § | |

### ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on October 7, 2025, at 9:00 a.m., regarding motions *in limine* filed by Plaintiffs MyChoice, LLC and BarBoards, LLC (collectively, "Plaintiffs"), (Dkt. No. 108) and Defendant Taiv, Inc. ("Defendant"), (Dkt. No. 110), and the motions they resolved jointly by agreement, (Dkt. No. 138). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties.

While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted.

Accordingly, it is hereby **ORDERED** as follows:

**Plaintiffs' Motions *in Limine* (Dkt. Nos. 108, 138)**

1. <u>Plaintiffs' MIL No. 1</u>: Exclude Evidence, Testimony, or Argument Relating to the Prior Litigation History of Mr. Theriault, Including Any Resulting Judgments Against Him.

This motion *in limine* is **AGREED** to the extent that Defendant may not introduce any evidence, argument, or testimony relating to the prior litigations of Richard Theriault or his businesses, including any resulting judgments against him. (Dkt. No. 138).

2. <u>Plaintiffs' MIL No. 2</u>: Exclude Evidence, Testimony, or Argument Relating to the Business Practices of MyChoice, Including Whether Former Employees or Investors Were Paid.

This motion in limine is **AGREED** to the extent that Defendant may not introduce evidence, testimony, or argument relating to whether employees or contractors of MyChoice were paid, including the testimony cited in Plaintiffs' Motion. (Dkt. No. 138).

3. <u>Plaintiffs' MIL No. 3</u>: Exclude Evidence, Testimony, or Argument Relating to Unauthenticated and Hearsay Evidence Relating to the SegOne Prior Art System.

This motion *in limine* is **DENIED**. However, during the exhibit hearing, if the exhibits that Dr. Almeroth relies upon in paragraph 134 of his report do not get admitted such that there is insufficient foundation for him to discuss the SegOne system, then the Court will reconsider this ruling. However, it may not take all of those documents being admitted for Dr. Almeroth to have a sufficient basis to discuss the SegOne system during his testimony.

4. <u>Plaintiffs' MIL No. 4</u>: Exclude Evidence, Testimony, or Argument Relating to Mr. Theriault's Valuation of the Asserted Patents Prior to the Execution of the MyChoice-BarBoards License Agreement or the Subsequent Amendment.

This motion *in limine* is **WITHDRAWN** by Plaintiffs. (Dkt. No. 138).

5. <u>Plaintiffs' MIL No. 5</u>: Exclude Evidence, Testimony, or Argument Relating to Mr. Theriault's Testimony as to His Opinion of the Scope of the Asserted Claims or the Meaning of Claim Terms.

This motion *in limine* is **AGREED** to the extent that Defendant may not introduce argument, evidence, or testimony of Richard Theriault's opinion of the scope or meaning of the asserted claims. This does not prevent Defendant from asking high level questions about the invention or the differences between the invention of the asserted patent and the prior art.

**Defendant's Motions *in Limine* (Dkt. No. 110)**

1. <u>Defendant's MIL No. 1</u>: Exclude Evidence That Any of Plaintiffs' Products Practice the Asserted Claims.

This motion *in limine* is **DENIED**. However, Defendant is permitted to indicate when in the timeline of events that marking by BarBoards occurred. Exclusion of BarBoards' position that its product practices the '658 patent is not justified under these facts.

**SIGNED this 8th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE