IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC, and BARBOARDS, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>TAIV, INC.,<br><br>        Defendant.<br><br>TAIV, INC.,<br><br>        Counterclaim-Plaintiff,<br><br>v.<br><br>MYCHOICE, LLC and BARBOARDS, LLC<br><br>        Counterclaim-Defendants. | Civil Action No. 2:23-cv-00507-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**TAIV, INC.'S FINAL NOTICE OF FINAL INVALIDITY THEORIES, PRIOR ART REFERENCES/COMBINATIONS AND EQUITABLE DEFENSES**

Pursuant to the Court's November 24, 2024 request and in advance of the trial set for December 5, 2025, Defendant Taiv, Inc. hereby provides final notice of its final invalidity theories, prior art references/combinations, and equitable defenses.  This notice is made without prejudices to all other claims, defenses, or contentions by Taiv in this case, e.g. non-infringement.

Based on Plaintiffs MyChoice, LLC's and BarBoards, LLC's Final Election of Asserted Claims (Dkt. 168), and the features and functionalities of the Taiv system that Plaintiffs allege as infringing, Taiv understands the Asserted Claims are:

- U.S. Patent No. 10,708,658:  claims 1, 5, 7, and 9.

Taiv reserves the right to amend and/or supplement this notice in the event Plaintiffs amend their election or otherwise further narrows the case, whether as to Asserted Claims or accused features and functionalities.

Taiv understands from the October 7, 2025 Pretrial Conference that the Court will be bifurcating Taiv's antitrust counterclaims and inequitable conduct defenses for trial.  There are currently several pending motions that may be dispositive of the other remaining issues in the case and/or impact Taiv's invalidity theories and equitable defenses at trial.  Taiv reserves the right to amend and/or supplement this notice in view of the Court's ruling on any pending motions or disputes.  For example, the following pending motions may be dispositive of the case and/or impact Taiv's invalidity theories and equitable defenses at trial:

- Taiv's Motion for Summary Judgment of Non-infringement (Dkt. 95) addresses non-infringement of each of the Asserted Claims.  A ruling in Taiv's favor on this motion would be dispositive of this case;
- Taiv's Motion for Summary Judgment of Patent Ineligibility (Dkt. 93) addresses invalidity of each of the Asserted Claims pursuant to 35 U.S.C. § 101.  A ruling in Taiv's favor on this motion would invalidate the Asserted Claims and be dispositive of this case;

- Taiv's Motion to Strike Portions of Plaintiffs' Expert Reports (Dkt. 89) seeks, among other issues, to strike the opinions of Plaintiffs' technical expert relevant to invalidity that are inconsistent with the Court's claim construction. The Court's ruling on this motion may affect what prior art references Taiv presents at trial.

Taiv reserves the right to elicit testimony on additional prior art at trial, including but not limited to addressing the state of the relevant art, motivation to combine references for 35 U.S.C. §103 obviousness theories, and the lack of technical benefits or incremental value attributable to the Asserted Claims over the prior art. Taiv also reserves the right to rely upon any closely related references, including literature that demonstrates the operation and public availability of system prior art.

Subject to the foregoing reservations, Taiv intends to present the following invalidity theories, prior art references/combinations, and equitable defenses at trial:

## I. INVALIDITY BASED ON PRIOR ART

### A. Prior Art References and Systems

At trial, Taiv intends to rely on the following prior art references as anticipating or rendering obvious the Asserted Claims:

| Abbreviated Name | Patent No. or Publication No. | Filing Date | Issuance or Publication Date | Exhibit No. |
|---|---|---|---|---|
| '843 Publication | US 2014/0351843 A1 | May 21, 2013 | Nov. 27, 2014 | JX-058 |
| Shultz | U.S. Patent Pub. US2005/0238320 A1 | June 29, 3005 | Nov. 27, 2005 | JX-056 |

At trial, Taiv intends to rely on the following prior art systems as anticipating or rendering obvious the Asserted Claims:

3

| Abbreviated Name | Exemplary Publications Describing the System | Publication Date | Exhibit No. |
|---|---|---|---|
| myTVChoice | | | |
| | Declaration of Nathaniel E. Frank-White, June 28, 2024, (Internet Archive) TAIV-00000149-TAIV-00000177 | June 28, 2024 (Oct. 21, 2013 – Dec. 18, 2014) | DX-006 |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "The Experience" | Sep. 28, 2012 | JX-065 |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "Skip Offensive Ads with MyChoice" | Sep. 28, 2012 | JX-064 |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "What is MyChoice" | Sep. 28, 2012 | JX-062 |
| | The YouTube channel available at http://www.youtube.com/@mychoiceusa from August 21, 2012, video titled "Easy to Use" | Sep. 28, 2012 | JX-063 |
| | "Sports Bar Networks – Home," *available at* https://web.archive.org/web/20150724232021/http://sportsbarnetworks.com:80/ | July 24, 2015 | DX-014 |
| | U.S. Patent No. 9,021,518, titled "System to avoid viewing commercials in real time," issued to Richard Theriault on April 28, 2015 ("'518 Patent") | April 28, 2015 | JX-066 |
| | https://web.archive.org/web/20140411013344/http://thinkflood.com/products/redeye/user-manual.pdf | April 11, 2014 | DX-007 |
| | https://web.archive.org/web/20140411015706/http://thinkflood.com/products/redeye/programming-manual.pdf | April 11, 2014 | DX-008 |
| SegOne | | | |

4

| Abbreviated Name | Exemplary Publications Describing the System | Publication Date | Exhibit No. |
|---|---|---|---|
| | Docket No. 1-4 from *ABC et al v. Flying J, Inc.*, Dist. Court S.D.N.Y., case no. 1:06-cv-02967 ("2006 SegOne website") | April 18, 2006 | DX-019 |
| | Shultz (U.S. Patent Pub. US2005/0238320 A1) | Nov. 27, 2005 | JX-056 |

In the event the Court grants Taiv's Motion to Strike Portions of Plaintiffs' Expert Reports (Dkt. 89) on the grounds that his opinions addressing invalidity are contrary to the Court's claim construction of "detecting in real-time," Taiv may also rely on the following additional prior art references at trial as anticipating or rendering obvious the Asserted Claims:

| Abbreviated Name | Patent No. or Publication No. | Filing Date | Issuance or Publication Date | Exhibit No. |
|---|---|---|---|---|
| Candelore '341 | US9,392,341 | Dec. 11, 2012 | July 12, 2016 | JX-061 |
| Durden | US7,380,258 | Dec. 29, 2000 | May 27, 2008 | JX-059 |
| Candelore '525 | US8,667,525 | March 9, 2006 | March 4, 2014 | JX-060 |

### B. Invalidity Theories Based on Prior Art

1. The '843 publication anticipates and renders obvious each of the Asserted Claims of the '658 patent;

2. Shultz anticipates and renders obvious each of the Asserted Claims of the '658 patent;

3. The myTVChoice system anticipates and renders obvious each of the Asserted Claims (alternatively, the exemplar publications describing the myTVChoice system in combination render obvious each of the Asserted Claims of the '658 patent);

5

    4.      The SegOne system anticipates and renders obvious each of the Asserted Claims (alternatively, the exemplar publications describing the SegOne system alone or in combination render obvious each of the Asserted Claims of the '658 patent);

    5.      The myTVChoice system in combination with the '843 publication renders obvious each of the Asserted Claims (alternatively, the exemplar publications describing the myTVChoice system in combination with the '843 publication render obvious each of the Asserted Claims of the '658 patent).

In the event the Court grants Taiv's Motion to Strike Portions of Plaintiffs' Expert Reports (Dkt. 89) on the grounds that his opinions addressing invalidity are contrary to the Court's claim construction of "detecting in real-time," Taiv may also rely on these additional invalidity theories based on prior art:

    6.      Candelore '341 anticipates and renders obvious each of the Asserted Claims of the '658 patent;

    7.      Durden anticipates and renders obvious each of the Asserted Claims of the '658 patent;

    8.      Candelore '525 anticipates and renders obvious each of the Asserted Claims of the '658 patent;

    9.      Durden in combination with Candelore '341 renders obvious each of the Asserted Claims of the '658 patent.

## II.    OTHER INVALIDITY GROUNDS

    1.      Each of the Asserted Claims of the '658 patent are invalid for failure to comply with 35 U.S.C. § 112.

2.     Each of the Asserted Claims of the '658 patent are invalid under 35 U.S.C. § 101 as they are directed to patent ineligible subject matter. Depending on the Court's ruling with respect to Taiv's Motion for Summary Judgment on Patent Ineligibility, Taiv intends to try the issue of conventionality under *Alice* step 2.

### III.    EQUITABLE DEFENSES

1.     The '658 patent is unenforceable due to inequitable conduct. We understand the issue of inequitable conduct has been bifurcated for a bench trial at a later date.

2.     Plaintiffs are not entitled to any injunctive relief because, among other reasons, the alleged injury is not immediate or irreparable, and Plaintiffs have an adequate remedy at law for any alleged injury.

Dated: November 30, 2025

MARTON RIBERA SCHUMANN & CHANG LLP

*/s/ Carolyn Chang*

Carolyn Chang (*Admitted E.D. Tex.*)
carolyn@martonribera.com
Ryan J. Marton (*Admitted E.D. Tex.*)
ryan@martonribera.com
Hector Ribera (*Admitted E.D. Tex.*)
hector@martonribera.com
Phillip J. Haack (*Admitted E.D. Tex.*)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2514

Attorneys for Defendant and Counterclaim-Plaintiff Taiv, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on all the counsel of record via email on November 30, 2025.

                     By:    */s/ Carolyn Chang*
                                Carolyn Chang