IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC and BARBOARDS, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> TAIV, INC., <br><br> *Defendant*. | § § § § § § § § § § § CASE NO. 2:23-CV-000507-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Opposed Motion to Strike Taiv's Fed. R. Civ. P. 26(a)(2)(C) Disclosure of Noah Palansky. **Dkt. No. 92**. The Motion is ripe. *See* Dkt. Nos. 105, 122. For the reasons discussed below, the Motion is granted only in part.

### I. BACKGROUND

Mr. Palansky is Defendant's CEO. Dkt. No. 92 at 1. Mr. Palansky was originally identified as having knowledge on "the development and operation of the accused Taiv product," and "Taiv's financial data" on July 10, 2024. *Id.* at 2. On June 16, 2025, Taiv served its Second Amended Initial and Additional Disclosures, which identified Mr. Palansky to also be knowledgeable about the "relevant market" and "damages caused by Plaintiffs." *Id.* Mr. Palansky was deposed by Plaintiffs individually and as Taiv's Rule 30(b)(6) designee on July 7, 2025. Dkt. No. 105-1 at 8–9. On July 18, 2025, Defendant served its Rule 26(a)(2)(C) disclosure for Mr. Palansky (the "Palansky Disclosure"), identifying him as a non-retained expert witness. Dkt. No. 92-5 at 1–3.

### II. LEGAL STANDARD

Rule 26(a)(2)(C) requires that the disclosure of an expert witness, who does not provide a report, state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness

is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The requirements for this disclosure are more lenient than those for retained expert witnesses under Rule 26(a)(2)(B). *See Averni v. Hartford Fire Ins. Co.*, No. 4:16-CV-917, 2017 WL 4517955 at *2 (E.D. Tex. Oct. 10, 2017) (citing *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 WL 74425, at *2 (E.D. Tex. Jan. 6, 2016)). A non-retained expert is one whose testimony "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *AX Wireless LLC v. Dell Inc.*, No. 2:22-cv-277, 2024 WL 1495784, at *1 (E.D. Tex. Apr. 5, 2024). "[W]hen a party fails to provide a meaningful 'summary of the facts and opinions' forming the basis of a [non-retained expert's] testimony, the disclosure is insufficient." *Averni,* 2017 WL 4517955 at *2 (citing *Motio*, 2016 WL 74425, at *2).

### III.     DISCUSSION

Plaintiffs assert that Mr. Palansky's disclosure as a non-retained expert witness should be stricken because (1) the disclosure is insufficient under Rule 26(a)(2)(C), (2) the topics Mr. Palansky is disclosed to testify about are not within his personal knowledge, (3) Mr. Palansky fails *Daubert*, (4) Defendant did not timely disclose Mr. Palansky's knowledge, and (5) Defendant refused to allow a deposition of him following his expert designation. Dkt. No. 92 at 8–14. The Court addresses each in turn.

A. Insufficient Disclosure and *Daubert*

Plaintiffs first argue that Sections 1, 2, 5, 6, and 8 of the Palansky Disclosure should be stricken because they do not "identify what opinion Mr. Palansky will give on these broad topics." Dkt. No. 92 at 8. Plaintiffs then assert that for all topics in the Palansky Disclosure, the disclosure fails to provide a sufficient summary of facts as required by Rule 26(a)(2)(C). *Id*. at 9. Plaintiffs finally argue that "[t]he Palansky Disclosure's failure to meet the *Daubert* standard cascades from

2

its failure to appropriately summarize Mr. Palansky's opinions and the facts he considered when forming his opinions." *Id*. at 12.

Defendant responds that the Palansky Disclosure clearly identifies all subject matter he intends to testify about and provides a summary of the facts and opinions he expects to testify to on these subjects, listing these topics, facts, and opinions in its briefing. Dkt. No. 105 at 3–4. Defendant further asserts that Mr. Palansky meets the Fed. R. Evid. 702 and *Daubert* standards to opine on "the market in which his business operates and the damage his business has suffered," given that Mr. Palansky "founded Taiv and has more than seven years of experience in the market for Automated Ad Replacement Technology within bars and restaurants during the broadcast of live streaming events." *Id*. at 6.

The Court finds that the Palansky Disclosure provides "both the anticipated subject matter and a summary of opinions [Mr. Panalsky] will testify on," such that it meets the requirements of Rule 26(a)(2)(C) and is a facially sufficient disclosure. *See Luci Bags LLC v. Younique, LLC*, No. 4:16-CV-377, 2017 WL 4310123, at *7 (E.D. Tex. Sept. 28, 2017). For example, Section 4 makes clear that Mr. Palansky will opine on the "respective offerings and estimated market shares" for "[p]ast and current participants in such U.S. markets or sub-markets related to Automated Ad Replacement Technology . . . as well as the availability and cost of any competitive, substitute, interchangeable, or alternative products or services." Dkt. No. 92-5 at 2. Thus, as long as his testimony stays within the bounds of the disclosure, no further relief is appropriate.

However, the Court also finds that Section 8's catchall provision of "opinions consistent with his deposition testimony given in this matter," Dkt. No. 92-5 at 3, is insufficient, given that mere "referral to depositions is not an adequate substitute for the summary required by Rule 26." *Motio*, 2016 WL 74425, at *2. Defendant cannot hold open the door to any potential topic

3

discussed at Mr. Palansky's deposition via this broad disclosure. Accordingly, the Motion is **GRANTED** with respect to Section 8, which is stricken from the Palansky Disclosure.

B. <u>Topics Beyond Mr. Palansky's Personal Knowledge</u>

Plaintiffs argue that the topics contained in Sections 5 and 6 of the Palansky Disclosure—in particular (a) "discovery regarding BarBoards' entry, existence, and impact within such U.S. markets or sub-markets for Automated Ad Replacement Technology," (b) "BarBoards' agreement and efforts with MyChoice/Mr. Theriault to license and commercialize the '658 [P]atent, including their estimated growth in actual and future market share after such licensing and commercialization efforts," and (c) Plaintiffs' alleged "bad faith and anticompetitive intent and motivation"—are all issues Mr. Palansky could not have personal knowledge about. Dkt. No. 92 at 11 (citing Dkt. No. 92-5 at 2–3). They assert that "discovery regarding these issues, which inherently involve Plaintiffs' confidential business information, has only been reproduced in this case on a confidential, 'Attorneys-Eyes Only' basis." Dkt. No. 92 at 11 (citing Dkt. No. 32 at 5). As such, Plaintiffs assert that Mr. Palansky cannot have personal knowledge on these topics, as they are not "inherent to Mr. Palansky's role at Taiv," and the only way he would know such things is if he were exposed to Plaintiffs' confidential information in violation of the Court's Protective Order. *Id*. Plaintiffs have not demonstrated, through the deposition of Palansky or otherwise, that he does not have sufficient personal knowledge to support opinions on these subjects.  Such issues may be raised by contemporaneous objection or cross-examination but there is insufficient basis in the record for relief at this time.

C. <u>Disclosure of Mr. Palansky's Knowledge and (Re-)Deposition.</u>

Plaintiffs assert that Defendant's delay in updating its disclosures to state that Mr. Palansky has knowledge of issues relating to Defendant's antitrust counterclaims was a "fail[ure] to provide

4

information . . . as required by Rule 26(a)" such that the Defendant should be barred from relying on that information altogether. Dkt. No. 92 at 13 (citing Fed. R. Civ. P. 37(c)(1)). However, Defendant responds that both this supplementation to Taiv's initial disclosures regarding the market and damage topics, as well as the service of the Palansky Disclosure itself, were both timely. Dkt. No. 105 at 7. In addition, Defendant puts forth justification for this delay, citing behavior from Plaintiffs that made earlier disclosures of its antitrust counterclaims difficult or impossible. *Id*. at 7–8.

Plaintiffs further assert that Defendant's "refusal to allow a deposition of Mr. Palansky based on his 'expert' disclosure" serves as another reason the Court should bar him from testifying as a non-retained expert. Dkt. No. 92 at 14. Plaintiffs argue that "the only way to determine whether his 'expert' opinions meet the sufficiency standard of Fed. R. Evid. 702 requires an exploration of ***all*** facts he considered, generated, saw, read, reviewed, and/or reflected upon . . . because many of the topics for which Mr. Palansky is disclosed to have an opinion about are plainly not within his personal knowledge," and "Taiv has refused to make these required disclosures or make Mr. Palansky available during the expert discovery period." *Id*. at 14-15 (emphasis in original).

A sufficient disclosure under Rule 26(a)(2)(C) plainly requires only a "*summary* of the facts and opinions" forming the basis of an expert's testimony. As such, Plaintiffs' assertion that the Federal Rules of Evidence and Civil Procedure require "an exploration of ***all*** facts" Mr. Palansky relied upon is incorrect. Additionally, Defendant asserts that its counsel offered to make Mr. Palansky available for a second deposition following the Palansky Disclosure if Plaintiffs identified "specific topics in the disclosure" on which they had not questioned him and wanted to seek further discovery, and that Plaintiffs "never responded with any topics." Dkt. No. 105 at 8.

5

Ordinarily, the deposition of a non-retained expert should occur after the service of the required disclosure. The parties dispute whether Defendant obstructed a follow-up deposition after the disclosure on July 18. But there is no dispute that Plaintiff did not seek the assistance of the Court to require such a deposition in the five weeks before this motion was filed. The Court finds that Taiv's amendment to identify additional knowledge Mr. Palansky possesses was not untimely. Additionally, the Court finds that the failure of the parties to agree upon a re-deposition time and topic for Mr. Palansky does not require that his expert disclosure be stricken. Especially considering the severance and stay of the antitrust counterclaim (Dkt. No. 156 at 2), and the corresponding opportunity for a further deposition before that trial, the striking of the disclosure is not justified. As such, these parts of Plaintiffs' Motion are **DENIED**.

## IV.   CONCLUSION

For the reasons provided above, the Court finds that the Motion should be and hereby is **GRANTED** to the extent that Section 8 is stricken from the Palansky Disclosure, and the Motion is otherwise **DENIED**.

**SIGNED this 30th day of November, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE