IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MYCHOICE, LLC and BARBOARDS, LLC, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § | **CASE NO. 2:23-CV-0507-JRG-RSP** |
| TAIV, INC., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike Portions of Expert Report of Dr. Kevin C. Almeroth Regarding Invalidity filed by Plaintiffs MyChoice, LLC and Barboards, LLC. (Dkt. No. 90). In the motion, Plaintiffs move to strike certain portions of the expert report of Dr. Kevin C. Almeroth, the Defendant's technical expert, regarding invalidity (the "Invalidity Report"). Specifically, Plaintiffs argue that these portions rely on "speculative testimony" from two customers. Having considered the motion and its related briefing, and for the reasons set forth herein, the motion is **DENIED**.

**I. LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting Fed. R. Evid. 702 advisory committee note)). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

## II.    ANALYSIS

Plaintiffs move to exclude the portions of the Invalidity Report that rely on the testimony of Mr. Beckwith and Mr. Mayer (end users of the MyChoice products) to opine how the MyChoice products operate.  (Dkt. No. 90 at 3).  Plaintiffs argue that exclusion is warranted because these individuals have no "knowledge of how the MyChoice products actually worked."  (*Id.* at 3–5 (citing Dkt. No. 90-2 at 12:7–22; Dkt. No. 90-3 at 21:6–8); Dkt. No. 120 at 1).   According to Plaintiffs, Mr. Almeroth's reliance on these opinions "is not sound [because] it rests on a shaky evidentiary foundation."  (Dkt. No. 120 at 3 (citing *Dishman v. BBVA Compass Bank*, 2011 WL 13216959, at *4 (E.D. Tex. Feb. 16, 2011))).

Defendant argues that exclusion is inappropriate for two reasons.  (Dkt. No. 103 at 3). First, Defendant asserts that Plaintiffs have not shown that reliance on end users is unreliable.  (*id.* at 3–4).  Defendant notes that Plaintiffs have not identified any methodological failures by Dr. Almeroth.  (*Id.*).  Second, Defendant contends that Dr. Almeroth's methods are reliable.  (*Id.* at 4). As support, Defendants point out that Dr. Almeroth relied on many sources to form his opinions, including source code and Plaintiffs' own documents, none of which are inconsistent with Mr. Beckwith and Mr. Mayer's testimony.  (*Id.* at 5, 7–8).

The Court agrees with Defendant that Plaintiffs have not met their burden.  They have not cited either authority or logic prohibiting an expert from relying on an end user of a product.  (*See*

Dkt. No. 90; Dkt. No. 120).  It is telling that the motion does not seek to strike Dr. Almeroth's opinions, but only the testimony provided by the two customers of Plaintiffs—who were represented by Plaintiffs' counsel at their depositions.  It is unsurprising that the witnesses' memories of these systems from a decade ago were imperfect, but that fact does not render them improper for consideration by the expert.

Additionally, Plaintiffs' reliance on *Dishman* is unpersuasive.  (Dkt. No. 120 at 3).  There, the expert "relied *entirely* on . . . unreliable data in calculating his damages," making the expert's opinions unreliable.  2011 WL 13216959, at * 4 (emphasis added).  Here, Dr. Almeroth considers *multiple* sources of data in forming his opinions, rendering *Dishman* inapplicable.  (Dkt. No. 103 at 5).  The Court therefore finds that Plaintiffs arguments go to the weight of Dr. Almeroth's opinions, not their admissibility.

## III.    CONCLUSION

For the foregoing reasons, the Motion to Strike (Dkt. No. 90) is **DENIED**.

**SIGNED this 1st day of December, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE