**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MYCHOICE, LLC, and<br>BARBOARDS, LLC<br><br>                Plaintiffs,<br><br>  v.<br><br>TAIV, INC.,<br><br>                Defendant. | Civil Action No. 2:23-cv-00507-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |
| TAIV, INC.,<br><br>                Counterclaim-Plaintiff,<br><br>  v.<br><br>MYCHOICE, LLC and<br>BARBOARDS, LLC<br><br>                Counterclaim-Defendants. | |

**JOINT MOTION FOR
CLARIFICATION OF THE COURT'S DECEMBER 18, 2025 JUDGEMENT**

Pursuant to Federal Rule of Civil Procedure 60(a), Plaintiffs MyChoice LLC and BarBoards, LLC ("Plaintiffs") and Defendant Taiv, Inc. ("Taiv"), (collectively, "the parties") jointly submit this Motion for Clarification of the Court's December 18, 2025 Judgement (Dkt. No. 218). Given that defendant Taiv's antitrust and inequitable conduct counterclaims remain pending in this matter, the parties seek clarification that the Judgement is not an appealable final judgment triggering the deadlines set forth in Rules 50(b), 54(d), 59, and 60 of the Federal Rules of Civil Procedure, and Local Rule CV-54.

## I.    RELEVANT BACKGROUND

Plaintiffs filed suit alleging that Taiv infringed certain claims of U.S. Patent No. 10,708,658 ("the '658 patent"). In its May 13, 2025 response to Plaintiffs' First Amended Complaint, in addition to non-infringement and invalidity defenses and counterclaims, Taiv included an affirmative defense and counterclaim for inequitable conduct, as well counterclaims for antitrust violations (*Walker Process* fraud and attempted monopolization claims). *See* Dkt. No. 65. On June 11, 2025, Plaintiffs filed a Motion to Dismiss and Strike Taiv's inequitable conduct and antitrust allegations and counterclaims. *See* Dkt. No. 70. On August 25, 2025, Plaintiffs also filed a motion for partial summary judgment on the inequitable conduct and antitrust counterclaims. *See* Dkt. No. 94.

While Plaintiffs' motions were pending, the Court held an October 7, 2025 Pretrial Conference. Dkt. No. 156. At the Pretrial Conference, under Rule 42(b) of the Federal Rules of Civil Procedure, the Court bifurcated Taiv's inequitable conduct and antitrust claims from trial on the issues of infringement and invalidity of the '658 patent. *See* Dkt. No. 164 at 21:6-11, 88:13-24. Thereafter, on November 28, 2025, the Court denied Plaintiffs' Motion to Dismiss and Motion for Partial Summary Judgment, finding factual disputes remain on the questions of

1

materiality (*e.g.*, whether the MyChoice system is cumulative over the '518 patent and whether the MyChoice system reads on the claims of the '658 patent) and specific intent (*e.g.* Mr. Theriault's credibility and intent). *See* Dkt. No. 182 at 10, 17; *see also* Dkt. No. 201.

The parties' claims relating to issues of infringement and invalidity proceeded to jury trial on December 5, 2025. On December 11, 2025, the jury rendered its verdict, finding the asserted claims not infringed and invalid. Dkt. No. 210. On December 18, 2025, the Court entered Judgement (Dkt. No. 218) based on the Jury Verdict. With Taiv's antitrust and inequitable conduct counterclaims still remaining, the parties continue to confer regarding possible informal resolution of all issues pending between them, including any claims, post-trial motions, requests for costs and/or fees, and appeals.

## II.     REQUEST FOR CLARIFICATION

"A claim and counterclaim constitute multiple claims under the express terms of Fed. R. Civ. P. 54(b) and a decision on only one of those claims does not constitute a final appealable order" absent certification under Rule 54(b). *Belmont Place Assoc. v. Blyth, Eastman, Dillon and Co., Inc.*, 565 F.2d 1322, 1322-23 (5th Cir. 1978). Thus, in cases where counterclaims bifurcated under Rule 42 remain, there is no final appealable judgment. *Id*. at 1323.

Such is the case here, where Taiv's bifurcated inequitable conduct and antitrust counterclaims remain. As the Court noted, there remains disputes of fact relating to Taiv's inequitable conduct counterclaim and relating to Taiv's antitrust counterclaims (*see* Dkt. Nos. 182, 201), which Taiv has a Seventh Amendment right to have resolved by a jury. *See Cabinet Vision v. Cabnetware*, 129 F.3d 595, 600 (Fed. Cir. 1997) (recognizing Seventh Amendment right to jury trial for *Walker Process* counterclaims). The December 5 jury trial and subsequent verdict on infringement and invalidity issues did not address Taiv's counterclaims. Accordingly,

the parties seek clarification from the Court that the December 18 Judgement entered based on the jury's December 11 verdict is not an appealable final judgment that triggers the processes and deadlines governed by Rules 50(b), 54(d), 59, and 60 of the Federal Rules of Civil Procedure, and Local Rule CV-54.

Additionally, the parties are continuing to confer regarding resolution of all remaining and possible claims, motions, matters, requests for fees and costs, and appeals. Accordingly, the parties respectfully request further clarification and/or amendment of the Court's December 18 Judgment, starting with the numbered paragraphs as follows:

1. Defendant has not infringed the Asserted Claims.

2. All of the Asserted Claims are invalid.

3. This Judgement remains non-final until final resolution of Defendant Taiv, Inc.'s pending inequitable conduct and antitrust counterclaims.

4. Any motions and/or requests under Federal Rules of Civil Procedure 50, 54, 59, and 60 will be governed by the terms of the applicable Federal Rule based on future entry of an appealable final judgment after resolution of Defendant Taiv, Inc.'s pending inequitable conduct and antitrust counterclaims.

5. Under Federal Rule of Civil Procedure 54(d), Local Rule CV-54 and 28 U.S.C.§ 1920, Defendant is the prevailing party with respect to claims and defenses relating to patent infringement and invalidity. Entitlement to recover its costs from Plaintiffs MyChoice LLC and BarBoards LLC ("Plaintiffs") shall be deferred until entry of final judgment after resolution of Taiv's pending inequitable conduct and antitrust counterclaims.

### III. CONCLUSION

For the foregoing reasons, the parties jointly and respectfully request that the Court enter the proposed clarification of its December 18 Judgement.

Dated: December 23, 2025                                  Respectfully submitted,

/s/ Craig Tyler (with permission)                         /s/ Carolyn Chang
M. Craig Tyler                                            Carolyn Chang (CA 217933, admitted E.D. Tex.)
Texas State Bar No. 00794762                              Ryan Marton (CA 223979, admitted E.D. Tex.)
CTyler@perkinscoie.com                                    Hector Ribera (CA 221511, admitted E.D. Tex.)
Andrew Kalamarides                                        Phillip Haack (CA 262060, admitted E.D. Tex.)
Texas State Bar No. 24136939                              MARTON RIBERA SCHUMANN & CHANG LLP
AKalamarides@perkinscoie.com                              548 Market Street, Suite 36117
Helena E.D. Burns                                         San Francisco, CA 94104
Texas State Bar No. 24143961                              Telephone:   (415) 360-2515
HBurns@perkinscoie.com                                    Email: carolyn@martonribera.com
PERKINS COIE LLP                                                 ryan@martonribera.com
405 Colorado Street, Suite 1700                                  hector@martonribera.com
Austin, Texas 78701                                              phaack@martonribera.com
Tel: (737) 256-6100

*Attorneys for Plaintiffs*                                *Attorneys for Defendant Taiv, Inc.*
*MyChoice, LLC and BarBoards, LLC*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Carolyn Chang*
Carolyn Chang

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that counsel for MyChoice, LLC and BarBarboards, LLC agreed to join this motion.

Dated: December 23, 2025

*/s/ Carolyn Chang*
Carolyn Chang