**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MYCHOICE, LLC and BARBOARDS, LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TAIV, INC.,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:23-CV-000507-JRG-RSP |

## ORDER CLARIFYING JUDGMENT

Before the Court is the Joint Motion for Clarification of the Court's December 18, 2025 Judgement (the "Motion") filed by Plaintiffs MyChoice LLC and BarBoards, LLC ("Plaintiffs") and Defendant Taiv, Inc. ("Defendant") (together, the "Parties"). (Dkt. No. 219.) In the Motion, the Parties seek clarification and amendment to the Judgement the Court previously entered in the above-captioned case. (*Id*. at 1.)

Having considered the Motion, and noting its joint nature, the Court finds that it should he and hereby is **GRANTED**. The Court clarifies and amends its December 18, 2025 Judgment (Dkt. No. 218), starting with the numbered paragraphs, to state as follows:

1. Defendant has not infringed the Asserted Claims.

2. All of the Asserted Claims are invalid.

3. This Judgement remains non-final until final resolution of Defendant's pending inequitable conduct and antitrust counterclaims.

4. Any motions and/or requests under Federal Rules of Civil Procedure 50, 54, 59, and 60 will be governed by the terms of the applicable Federal Rule based on future entry of an appealable final judgement after resolution of Defendant's pending inequitable conduct and antitrust counterclaims.

5. Under Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Defendant is the prevailing party with respect to claims and defenses relating to patent infringement and invalidity. Entitlement to recover its costs from Plaintiffs shall be deferred until entry of final judgement after resolution of Defendant's pending inequitable conduct and antitrust counterclaims.

**So ORDERED and SIGNED this 6th day of January, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE