# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| MYCHOICE, LLC, and BARBOARDS, LLC, <br><br>     Plaintiffs-Counterclaim Defendants, <br><br>     v. <br><br> TAIV, INC., <br><br>     Defendant-Counterclaim Plaintiff. | **C.A. No. 2:23-cv-00507-JRG-RSP** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS MYCHOICE, LLC AND BARBOARDS, LLC'S (CORRECTED) OPPOSED MOTION TO REOPEN DISCOVERY AND FOR LEAVE TO TAKE DEPOSITION OF HYBRID EXPERT WITNESS NOAH PALANSKY**

I.      INTRODUCTION

Plaintiffs-Counterclaim Defendants MyChoice, LLC and BarBoards, LLC (collectively, "Plaintiffs") respectfully move this Court for leave to reopen discovery for the limited purpose of deposing Mr. Noah Palansky[1] in his capacity as a hybrid expert witness under Federal Rule of Civil Procedure 26(a)(2)(C).

Put simply, Plaintiffs were never afforded the opportunity to examine Mr. Palansky in his expert capacity because Taiv, Inc. ("Taiv") designated him as a non-retained expert only after Plaintiffs had deposed him as a fact witness.  Then, when the parties were engaged in expert discovery leading up to the trial on Plaintiffs' patent infringement claims, Taiv refused to produce Mr. Palansky for a deposition on his expert opinions.  Now that Taiv's previously-stayed antitrust counterclaims have resumed and the trial date for those counterclaims approaches, Taiv has continued to refuse to produce Mr. Palansky for a deposition on his expert opinions, depriving Plaintiffs of their right under Rule 26(b) to depose "any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).

Plaintiffs therefore make the narrowly-tailored request for the Court to reopen discovery for the limited purpose of allowing Plaintiffs to depose Mr. Palansky regarding the topics identified in his Rule 26(a)(2)(C) disclosure.  Good cause supports this relief because Plaintiffs have exercised diligence, Taiv's post-deposition disclosure prevented Plaintiffs from deposing Mr. Palansky in his expert capacity, the requested testimony is important to Plaintiffs' preparation for the antitrust trial, no prejudice results from a limited deposition of Taiv's own non-retained expert witness, and no continuance is necessary if the request for a limited deposition is granted.

---

[1] Mr. Palansky is Taiv's Chief Executive Office and cofounder.

██████████████████████████████████████████████

## II.    STATEMENT OF FACTS

### A.    Prior to His Deposition, Taiv Only Disclosed Mr. Palansky as a Fact Witness.

On June 16, 2025, Taiv served amended disclosures that Mr. Palansky was ████████

████████████████████████████████████████████████████████████████

Declaration of M. Craig Tyler ("Tyler Decl.") ¶ 2.   On July 7, 2025, Plaintiffs deposed Mr. Palansky in his capacity as a fact witness under Rule 30(b)(1) and as a corporate representative under Rule 30(b)(6).  Tyler Decl. ¶ 3.

### B.    After His Deposition, Taiv Disclosed Mr. Palansky as an Expert Witness.

On July 18, 2025—after Mr. Palansky had been deposed in his capacity under Rule 30— Taiv served its "Federal Rule of Civil Procedure Rule 26(a)(2)(C) Disclosure of Noah Palansky." ("Rule 26(a)(2)(C) Disclosure").  Tyler Decl. ¶ 4.  The disclosure stated that "████████████

████████████████████████████████████████████████████████████████

████████" regarding the bases for Taiv's antitrust counterclaims against Plaintiffs.  *Id.*

### C.    Plaintiffs' Meet-and-Confer Efforts Failed to Resolve the Dispute.

Following Mr. Palansky's designation as a non-retained expert, Plaintiffs requested that Taiv provide dates for a supplemental deposition so that Plaintiffs could have the opportunity to explore Mr. Palansky's opinions and the facts he considered in forming his opinions.  Tyler Decl. ¶ 5.  On August 11, 2025, Taiv's counsel refused to make Mr. Palansky available for a deposition because "[h]is testimony is all based on his personal experience and he could have (and was) already deposed on these topics."  *Id.*  The next day, Taiv's counsel admitted that Plaintiffs "are entitled to a depo on the topics of the non-retained expert's testimony" but nevertheless claimed that Plaintiffs "deposed on those topics" and "the disclosure is within the personal knowledge of the deponent, on which [Plaintiffs] previously asked questions."  *Id.*

- 2 -

**D.    The Court Partially Struck Mr. Palansky's Expert Opinions and Left Open the Possibility of a Further Deposition After the Patent Infringement Trial.**

On August 25, 2025, Plaintiffs moved to strike Mr. Palansky's designation as an expert witness.  *See* ECF No. 92.  The Court ordered Mr. Palansky's designation to provide "[o]pinions consistent with his deposition testimony given in this matter" stricken but declined to strike the remainder of Mr. Palansky's Rule 26(a)(2)(C) Disclosure.  ECF No. 186 at 6.  Regarding the issue of a potential second deposition of Mr. Palansky, the Court noted the severance and stay of Taiv's antitrust counterclaim and for the "opportunity for a further deposition before that trial."  *Id.*

**E.    The Case Proceeded to Trial on Patent Claims.**

The parties engaged in a trial on Plaintiffs' patent infringement claims in December 2025, which resulted in a jury verdict of non-infringement and invalidity for the asserted claims.  The Court entered a non-final judgment on December 18, 2025.  *See* ECF Nos. 210, 218, 222.

**F.    As the Second Trial on Taiv's Antitrust Counterclaims Looms, Taiv Continues to Block Plaintiffs' Access to Mr. Palansky's Hybrid Testimony.**

On April 28, 2026, the Court instructed the parties during a status conference to file a joint motion to amend the docket control order to set Taiv's antitrust counterclaims for trial.  Prior to that conference, Plaintiffs had again raised the issue of the need to take a second deposition of Mr. Palansky in view of his Rule 26(a)(2)(C) Disclosure.  Tyler Decl. ¶ 6.  Two weeks later, Taiv reiterated its position that a second deposition of Mr. Palansky was not warranted.  *Id.*  The following day, Plaintiffs responded with a non-exhaustive list of topics Mr. Palansky did not testify about during his deposition as a fact witness.  *Id.*  Taiv responded that it disagreed with Plaintiffs' assessment regarding Mr. Palansky's first deposition.  *Id.*  On June 1, 2026, Plaintiffs responded that they disagreed with Taiv's suggestion that Plaintiffs had been afforded a fair opportunity to depose Mr. Palansky regarding his expert opinions.  *Id.*  Plaintiffs then filed the instant motion.

- 3 -

███████████████████████████

## III.    ARGUMENT

Plaintiffs' motion presents two issues.  First, the Court should grant leave under Rule 30(a)(2) for Plaintiffs to depose Mr. Palansky in his capacity as a hybrid expert witness because a fact deposition and an expert deposition are fundamentally different in scope, and Plaintiffs never had the opportunity to examine Mr. Palansky on his expert opinions.  Second, the Court should find good cause under Rule 16(b)(4) to reopen discovery for this limited purpose because Plaintiffs acted diligently, the deposition is important, Taiv will suffer no prejudice, and no continuance is necessary to facilitate this deposition.

### A.    The Court Should Grant Leave for Plaintiffs to Depose Mr. Palansky in His Capacity as a Hybrid Witness.

"Rule 30(a)(2) requires leave of court before a party may depose a witness who has already been deposed in the case." *United States ex rel Woodard v. Davita, Inc.*, No. 1:05-CV-227, 2011 WL 13199233, at *2 (E.D. Tex. Sept. 26, 2011) (citing Fed. R. Civ. P. 30(a)(2)).  "A court must grant such leave unless it would be unreasonable to do so." *Davita*, 2011 WL 13199233, at *2.

It is undisputed that Taiv disclosed Mr. Palansky only as a fact witness prior to his deposition and that Plaintiffs, accordingly, deposed him solely under Rule 30.  It is equally undisputed that Taiv waited until after that deposition to serve its Rule 26(a)(2)(C) Disclosure designating Mr. Palansky as a hybrid expert witness.  That sequence is dispositive.  The Federal Rules guarantee that a party "may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A).  Plaintiffs have never exercised that right here because they could not have done so before the designation existed and because Taiv has refused to make Mr. Palansky available for a deposition on his expert opinions.

Some courts have acknowledged that the standard for granting leave under Rule 30(a)(2) requires the party seeking the second deposition to explain (1) what additional topics were not

███████████████████████████████████████████

covered at the first deposition and (2) why they were not covered. *See, e.g., Alvarado v. Air Sys. Components LP*, No. 3:19-CV-2057-N, 2022 WL 800731, at *2 (N.D. Tex. Mar. 15, 2022). To the extent that standard applies, both elements are readily satisfied here. First, Plaintiffs have identified that the expert opinions disclosed in Taiv's Rule 26(a)(2)(C) Disclosure are additional topics that plainly were not covered in Mr. Palansky's first deposition. These include Mr. Palansky's opinions regarding ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████ and the other enumerated topics on which Mr. Palansky is expected to testify as an expert at trial.

Second, Plaintiffs could not have explored these topics during the first deposition because they had ***no notice whatsoever*** that Mr. Palansky would be designated as an expert who would be designated to provide ***opinions*** on these subjects at trial. Indeed, a deposition of a fact witness is fundamentally different from the deposition of an expert witness, even when the deponent is the same person. *See, e.g., CyWee Grp. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 11363365, at *1, *2, *n.2 (E.D. Tex. Sept. 5, 2018) (Bryson, J.) (denying motion for protective order seeking to limit deposition of expert witness based on prior deposition and noting that courts have permitted a party to depose a witness in an expert capacity after previously deposing the same individual as a fact witness because "a deposition of a fact witness is very different from the deposition of an expert witness" even when the witness is the same person).

Furthermore, this Court has already acknowledged the appropriateness of a further deposition when it noted the severance and stay of Taiv's antitrust counterclaim and the corresponding "opportunity for a further deposition before that trial." ECF No. 186 at 6. The

scheduling order for the antitrust claims has been entered and the time for the further deposition the Court contemplated has now arrived. The Court should grant leave under Rule 30(a)(2) for Plaintiffs to depose Mr. Palansky in his capacity as a hybrid expert witness.

**B.      Good Cause Exists to Reopen Discovery.**

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit considers four factors when determining whether the movant has shown good cause under Rule 16(b)(4) to amend the case schedule: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015). The four good cause factors each weigh in favor of granting this motion.

**1.      Plaintiffs' Inability to Timely Depose Mr. Palansky in His Expert Capacity Is Attributable to Taiv's Conduct.**

The first factor favors granting leave. Here, Taiv created the situation that requires reopening discovery because it waited until *after* Mr. Palansky's deposition to designate him as an expert witness. No amount of diligence by Plaintiffs could have allowed them to depose Mr. Palansky in his expert capacity before he was disclosed as a non-retained expert witness. Moreover, Plaintiffs pursued their right to this deposition promptly and persistently. As explained above, Plaintiffs raised the issue with Taiv as early as August 6, 2025, moved to strike the disclosure on August 25, 2025, and continued to press the issue when the antitrust counterclaims resumed on April 26, 2026. Tyler Decl. ¶¶ 4-6.

**2.      The Deposition Is Important to Plaintiffs' Preparation for the Antitrust Trial.**

The second factor also favors granting leave. Mr. Palansky is not a peripheral witness. He is Taiv's co-founder, Taiv's CEO, and

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████████

Without the opportunity to depose Mr. Palansky in his expert capacity, Plaintiffs will be unable to adequately cross-examine him at trial or have a sufficient opportunity to prepare for presenting competing evidence on the issues his testimony addresses. The importance of the deposition is further underscored by the fact that Mr. Palansky's Rule 26(a)(2)(C) Disclosure does not identify the full scope of his opinions. Unlike a retained expert, a non-retained expert's disclosure under Rule 26(a)(2)(C) simply states "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Therefore, Plaintiffs' only meaningful mechanism to learn the substance of Mr. Palansky's expert opinions before trial is through a deposition. Considerations of the importance of Mr. Palansky's expert opinions weigh heavily in favor of finding good cause.

**3.     Taiv Will Suffer No Prejudice from a Limited Deposition of Its Own Witness.**

Taiv will suffer no cognizable prejudice from producing its own founder for a limited deposition on the opinions Taiv itself has disclosed. Mr. Palansky is not a third-party witness whose schedule Taiv cannot control; he is Taiv's co-founder and the individual Taiv has chosen to present as its expert. The burden of producing him for a deposition is minimal.

**4.     No Continuance Is Necessary To Facilitate This Deposition.**

The fourth factor is inapplicable because no prejudice exists that requires curing via a continuance. The current schedule provides enough time for this deposition to be conducted without disrupting the trial schedule.

**IV.    CONCLUSION**

For the reasons set forth herein, the Court should grant Plaintiffs' Motion.

████████████████████████████

Dated:  June 2, 2026

Respectfully submitted,

*/s/ M. Craig Tyler*
M. Craig Tyler
Texas State Bar No. 00794762
CTyler@perkinscoie.com
Andrew Kalamarides
Texas State Bar No. 24136939
AKalamarides@perkinscoie.com
Helena E.D. Burns
Texas State Bar No. 24143961
HBurns@perkinscoie.com
Riley W. Zoch
Texas State Bar No. 24140456
RZoch@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Tel: (737) 256-6100

James Travis Underwood
Texas State Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH LLP
102 N. College Avenue, Suite 800
Tyler, Texas 75702
Tel.: (903) 934-8450

*Attorneys for Plaintiffs-Counterclaim Defendants*
*MyChoice, LLC and BarBoards, LLC*

████████████████████████████████

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiffs conferred with counsel for Defendant on whether they would oppose a second deposition of Mr. Palansky from April 27, 2026, to June 1, 2026.  Plaintiffs understand the parties to be at an impasse and that Defendant is opposed to the relief requested in Plaintiffs' motion.

*/s/ M. Craig Tyler*
M. Craig Tyler

████████████████████

████████████████████████████████████████

████████████████████████

██████████ _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served June 2, 2026 to all counsel of record, via email.

*/s/ M. Craig Tyler*
M. Craig Tyler